BAKER v. SCHROEDER.   (No. 5898.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 24, 1917. Rehearing Denied Nov. 21, 1917.)

1. RAILROADS ⊙⇒441(2) — KILLING STOCK ON TRACK—PRIMA FACIE CASE—STATUTE.
    Proof of the killing of stock on a railway track makes a prima facie case against the railway, Vernon's Sayles' Ann. Civ. St. 1914, § 6603, making a railway liable for killing stock on its tracks, though if the railway can plead and prove that it fenced the track where the injury occurred, it is a defense against the prima facie case, and the merits of the case depend on the questions of the railway's negligence, the owner's contributory negligence, and the question of proximate cause.

2. RAILROADS ⊙⇒446(5) — KILLING STOCK ON TRACK—EVIDENCE AS TO FENCING—DUTY TO INSTRUCT VERDICT—STATUTE.
    Under Vernon's Sayles' Ann. Civ. St. 1914, § 6603, in an action for killing stock on the track, where the undisputed evidence disclosed that no adequate fence had been maintained by the road at the place of the injury, it was the trial court's duty to instruct the jury to return a verdict for plaintiff.

Appeal from Bexar County Court; J. H. Clark, Judge.

Suit by W. M. Schroeder against James A. Baker, receiver of the International & Great Northern Railway Company. From a direct-

ed verdict for plaintiff, defendant appeals. Judgment affirmed.

Cobbs & Cobbs, of San Antonio, and Wilson, Dabney & King, of Houston, for appellant. F. R. Williams, of San Antonio, and R. R. Smith, of Jourdanton, for appellee.

SWEARINGEN, J. This is a suit by W. M. Schroeder against James A. Baker, receiver of the International & Great Northern Railway Company, to recover $150 damages, the value of two cows killed by appellant's engine. The court instructed the jury to return a verdict against appellant for the market value of the two cows. The jury returned the verdict as directed, and assessed the value of the two cows at $150, for which judgment was rendered.

The cause of action alleged was that the cows were killed by appellant's locomotive in running over appellant's track. Appellee alleged that the appellant did not maintain an adequate fence at the place where the cattle were killed. Appellant answered—
"by a general demurrer, a general denial, and by the special plea that the cattle were killed upon a private crossing, constructed, maintained, and used for the exclusive use and benefit of the Schroeders, and that the Schroeders owned the land on both sides of the track at the place where the crossing was located, and that the crossing was put in there for their benefit; that on the night the cattle were struck, they were in the lane across the track, and the train struck them without any negligence on the part of the train crew, and the train crew did not have an opportunity to stop their train after discovering the cattle upon the crossing."

The undisputed evidence disclosed that appellant's engine killed the two cows valued at $75 each on its track outside of the city limits of San Antonio, Tex., and that appellant's fence was in such bad condition at the place of injury, and at the time of this injury and prior thereto, that the fence was wholly inadequate to prevent cattle from passing through it.

[1] Section 6603 of the statutes makes the railway company liable for killing stock on its track. The proof of the killing makes a prima facie case against the railway company. If the railway company can plead and prove that it fenced the track where the injury occurred, it would be a defense against this prima facie case, and the merits of the case would then depend upon the questions of negligence of the railway, the contributory negligence of the owner of the stock, and the question of which negligence was the proximate cause of the injury.

[2] In the case at bar the undisputed evidence disclosed that no adequate fence had been maintained by the appellant at the place of injury. In this condition of the evidence it became the duty of the trial court to instruct the jury to return a verdict as he did. Vernon's Sayles' Rev. St. 1914, § 6603; Texas Central R. R. v. Pruitt, 101 Tex. 548, 109 S. W. 925.

---

Four of appellant's assignments of error complain of the instruction to find for the appellee. What has been said above disposes of these four assignments which are overruled.

The fifth assignment complains that the court erred by its refusal to instruct the jury to find for the appellant, which assignment is overruled for reasons apparent from what has already been said herein.

The other assignment complains that the instruction to find for appellee was error, because the evidence disclosed that the injury was on a private crossing between portions of appellee's pasture divided by appellant's track.

The undisputed evidence proved that the gates on both sides of the private crossing were closed, and that the cattle got on appellant's track through an inadequate fence.

The judgment is affirmed.