### MISSOURI, K. & T. RY. CO. OF TEXAS v. LUTEN et al. (No. 189–3237.)

(Commission of Appeals of Texas, Section B. Feb. 23, 1921.)

**1. Railroads ⟨⟩309—Instruction held to require too high degree of care.**

In an action for death of a pedestrian at a crossing, instruction that the law requires those in charge of trains to use "great care and prudence" in operating them, so as to avoid injury, *held* erroneous in requiring a higher degree of care on the part of the railroad than is required by law.

**2. Trial ⟨⟩296(3)—Instruction requiring railroads to exercise high degree of care held not cured by subsequent instructions.**

In action for death of pedestrian struck at crossing, error in charging jury that the railroad was required to use great care and prudence in operating trains *held* not cured by subsequent instructions.

**3. Trial ⟨⟩194(17) — Instruction erroneous which charges that ordinary prudence may require great care and prudence, as that is for jury.**

Though a railroad may under certain circumstances be required, as a person of ordinary prudence, to exercise "great care and prudence," this should not be given in a charge to the jury; but the quantum of care and diligence that a person of ordinary prudence would have exercised under the circumstances should be left for the jury.

**4. Railroads ⟨⟩346(5)—Deceased pedestrian presumed to have exercised ordinary care.**

In action for death of pedestrian struck by train at crossing, the presumption that the deceased exercised ordinary care for his own protection and did not voluntarily place himself in a position of peril is proper to be considered by the jury.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Action by Mrs. E. E. Luten and others against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiffs affirmed by the Court of Civil Appeals (203 S. W. 909), and the defendant brings error. Judgment of Court of Civil Appeals and of the trial court reversed, and cause remanded to the district court.

W. E. Spell, of Waco, Walter Collins, of Hillsboro, and C. C. Huff, A. H. McKnight, and J. M. Chambers, all of Dallas, for plaintiff in error.

Wear & Frazier, of Hillsboro, for defendants in error.

SADLER, P. J. A statement of the case is not necessary here. It is fully given in the opinon by the honorable Court of Civil Appeals, to which reference is made. 203 S. W. 909. An inspection of the court's charge discloses error in the fourth paragraph, which is not relieved by any subsequent paragraph of the main charge, nor by any special charge given. The objections presented to this charge were that it placed a greater burden of care upon the defendant than is imposed by law, and that it was upon the weight of the evidence.

In paragraphs 1 to 4, inclusive, the court charged the jury:

"(1) You are instructed that negligence is the doing of something that an ordinarily prudent person would not do, or the failure to do something that an ordinarily prudent person would have done, under the same or similar circumstances.

"(2) Ordinary care is such care as an ordinarily prudent person would use, under the same or similar circumstances. And the failure to use ordinary care is negligence.

"(3) The deceased, under the law, was required to use ordinary care, and if he failed to do so he would be guilty of such negligence, if it contributed to his injury, which would preclude a recovery by the plaintiffs.

"(4) Bearing in mind the foregoing definitions, you are further instructed that the law requires those in charge of railway engines and trains to use great care and prudence in operating them so as to avoid injury to the persons of other people. And if by the want of such care or prudence injury is inflicted upon others, without the fault of themselves, such company would be liable for such injury and damage."

[1] The appellate court recognized the vice in the charge, but were of opinion that it was cured by subsequent paragraphs. That the charge is erroneous passes without question. Railway Co. v. Smith, 87 Tex. 348, 28 S. W. 520. It does require a higher degree of care on the part of the defendant than is prescribed by law. It also invades the province of the jury by determining as a matter of law what quantum of care a person of ordinary prudence should exercise under the same or similar circumstances as those surrounding the defendant.

[2] Giving to the remainder of the court's charge the most liberal construction, it does not relieve the error here apparent. In the sixth paragraph of his main charge the court refers to the definition of negligence as therein previously given. When we look for that definition, we find it applied to the defend-

ant in one degree and to the deceased in another.

In the eighth paragraph the court uses the term "ordinarily prudent persons." Yet he does not tell the jury that defendants are held to that degree of care which a person of ordinary prudence would have exercised under the same or similar circumstances in which the defendant may be found to have been placed at the time of the injury to deceased. The same may be said with reference to paragraphs 9 and 12.

[3] Reading the charge as a whole, it is that the deceased is held to ordinary care, but that the defendant, acting as a person of ordinary prudence would have acted under the same or similar circumstances as those in which the defendant was placed, is required to exercise "great care and prudence" to prevent injury to the deceased. While it is true that there may be circumstances under which the defendant as a person of ordinary prudence may be required to exercise "great care and prudence," yet this should not be given in a charge to the jury, but they should be left to determine from the facts and circumstances the quantum of care and diligence a person of ordinary prudence would have exercised under the circumstances presented by the record. In the Smith Case it is said:

"It is right and proper for the court to charge what is the degree of care incumbent upon a party engaged in a given employment, but it would be error to charge as to the quantum of diligence that should be used by such person under a certain state of facts; that is ordinarily a question of fact for the jury to find, by determining what a person of the class given as the standard would do under such a state of case."

Plaintiff in error also insists, strenuously, that a peremptory instruction should have been given by the trial court. Its contention is that there is no evidence raising the issue of the deceased having received his injury while passing across the railroad track on a public road. It makes no question with reference to the road being public. It insists, however, that, as the plaintiffs have based their case upon an injury received while the deceased was on a public crossing, no recovery can be had unless they show by a preponderance of the evidence that he was at such place. Their contention is, as we understand the facts, that the deceased at the time he was struck was not at the crossing, but that he was on the right of way of the defendant at a point other than the crossing, and was, as such, a trespasser, and that the only duty which it owed to him was as such trespasser.

In view of the error requiring reversal of this case, we do not feel that it is proper to go into a discussion of the evidence. Suffice it to say that, after a most careful consideration of all the testimony, we are unable to say that there is no evidence requiring the submission of the issue pleaded by plaintiffs to the jury. It may be that with equal reason the facts will support an assertion of the presence of the defendant at the crossing, or a position constituting him a trespasser, but we do not feel justified in holding such to be true, under the peculiar facts and circumstances presented by this record.

[4] The presumption that the deceased exercised ordinary care for his own protection, and did not voluntarily place himself in a position of peril, is proper to be considered by the jury as a circumstance weighing in favor of the contention of the plaintiffs, and may have been so considered by the jury. Authorities supporting this view will be found cited in Hutcherson v. Amarillo St. Ry. Co., 213 S. W. 933.

There are many other objections presented to the court's charge. While the charge is not as clear as it perhaps should have been, yet we believe that it is not vulnerable to the attacks made.

For the error pointed out herein, the judgments of the Court of Civil Appeals and of the trial court should be reversed, and the cause remanded to the district court; and we so recommend.

PHILLIPS, C. J. The judgment recommended in this case by the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission on the question discussed.