## GALVESTON, H. & S. A. RY. CO. v. STREICH et al.   (No. 7495.)*

(Court of Civil Appeals of Texas. San Antonio. Feb. 3, 1926. Rehearing Denied March 3, 1926.)

**1. Railroads ⟐344(1)—Allegation of right to use crossing held sufficient.**

Allegation, in action for automobile driver's death at railway crossing, that decedent used crossing while traveling on public road from one town to another, shows sufficient reason for crossing, as he had right to use the crossing without rendering any excuse therefor.

**2. Trial ⟐352(1).**

Refusal of special charge bearing directly upon the weight of testimony was not error.

**3. Trial ⟐260(8)—Failure to present defendant's version of contributory negligence, which had been fully presented, was not error.**

Failure to present defendant's version of contributory negligence, in action for death in railway crossing accident, was not error, where subject was fully presented.

**4. Railroads ⟐350(11).**

Evidence *held* to raise issue as to excessive speed of train approaching crossing.

**5. Railroads ⟐346(5) — Automobile driver killed by train presumed to have exercised care.**

Automobile driver killed at crossing is presumed to have exercised ordinary care and to have not voluntarily placed himself in peril, and jury may consider this.

**6. Railroads ⟐312(2)—Failure of enginemen to keep lookout not excused by rule.**

Rule of railway company requiring enginemen to look back to take message from express messenger is no excuse for failure to keep lookout on approach to public highway crossing.

**7. Railroads ⟐313—Failure to give crossing signals held negligence per se.**

Failure to blow whistle or ring bell, as required by law, in approaching public highway crossing, *held* negligence per se and proximate cause of death.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Suit by Bertha Streich and others against the Galveston, Harrisburg & San Antonio Railway Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Dibrell & Mosheim, of Seguin, for appellant.

Alvin P. Mueller, R. A. Weinert, and A. J. Wirtz, all of Seguin, for appellees.

FLY, C. J. Bertha Streich, for herself, as surviving widow of W. A. Streich, deceased, and as next friend for their minor children, Alice Streich, Edna Streich, and Lillie Streich, instituted this suit for damages arising from the death of the husband and father, against appellant, alleging that the death of W. A. Streich was caused through the negligence of appellant in colliding with an automobile in which he was crossing the railway track of appellant on a public road crossing at or near Sullivan in Guadalupe county. Appellant answered by general demurrer, special exceptions, general denial, and a charge of contributory negligence against W. A. Streich, deceased. Special issues were propounded to the jury, and upon the answers thereto · a judgment was rendered in favor of appellees for $12,000, apportioned $9,000 to Bertha Streich and $1,000 to each of the three minors.

The facts show that on the morning of September 30, 1924, deceased, W. A. Streich, the husband of Bertha Streich and father of their three girls, Alice, Edna, and Lillie, was so injured by a train at a public crossing west of and near Sullivan, a small station on the railway line, that he died. He was a healthy, robust man, 48 years of age, and provided good maintenance and support for his wife and three minor children by his earning capacity of from $2,000 to $3,000 per annum, at farming and selling wood. Bertha Streich was 49 years old at the time of the trial, and Alice, Edna, and Lillie were, respectively, 18, 17, and 13 years of age. The automobile in which deceased was riding at the time was destroyed by the train that struck it. The jury, upon sufficient testimony, found that the crossing in question was in a dangerous and hazardous condition; that there were obstructions along the right of way that prevented those approaching on the public highway which crossed the railroad track at that point, as deceased was doing, from seeing trains like that which struck the automobile of deceased; that the train in question was moving at an excessive and dangerous rate of speed; that a lookout was not kept by the employees in charge of the train on its approach to the crossing; that appellant was guilty of negligence in the manner in which the train approached the crossing, which negligence was the proximate cause of the collision and consequent death of W. A. Streich. The jury also found that the

whistle was not sounded nor the bell rung on approaching the crossing as required by law, and that such failure to blow the whistle and ring the bell was the proximate cause of the collision and death, and further that W. A. Streich was not guilty of contributory negligence.

[1] The first and second assignments of error are overruled. The petition stated a cause of action and was not subject to attack through the general demurrer and special exception. The petition showed sufficient reason for deceased attempting to cross the railway track by alleging that he was driving in his automobile along the public road leading from Luling to Seguin and attempted on his journey to cross the public crossing over the railroad. This he had the right to do without rendering any excuse therefor. The petition, however, did show that deceased did not see the train, and appellant was negligent in striking him.

The third assignment of error complains of the refusal of the court to instruct a verdict for appellant on the ground that the evidence failed to show any negligence on the part of appellant and showed contributory negligence on the part of deceased. The jury, as concluded by the court, were justified in finding against appellant on these points, and the third assignment of error is overruled.

[2] The special charge, the giving of which was refused by the court, was directly upon the weight of the testimony, and we therefore overrule the fourth assignment of error. The fifth assignment of error is also overruled, because the evidence did not raise any issue as to the speed at which deceased approached the crossing.

[3] The sixth assignment of error is without merit. It seeks to present error in failing to present its version of contributory negligence on the part of deceased, which had been fully presented by the court.

The seventh assignment criticizes the second special issue of the court which presented the question whether the obstructions along the right of way of appellant prevented persons using the public highway from seeing the approaching trains, on the ground of its vagueness and indefiniteness. The issue is not open to the criticism, and the assignment of error is overruled.

[4] There was sufficient evidence to raise the issue as to the excessive speed with which the train approached the crossing. There was evidence tending to show that the train was moving at the rate of 50 miles an hour, and the engineer admitted that its speed was 40 miles an hour. When pressed on cross-examination, he testified that he was permitted to run at the rate of 50 miles an hour and that on this occasion the train was two or three minutes late. The train ran about 800 feet past the crossing before it was stopped, and it was shown that trains like that moving at 40 miles an hour could be stopped in 500 feet. The train was moving on a down-grade towards a crossing on the main road from Luling to Seguin, the view of which was obstructed. The evidence was ample to show excessive rate of speed and that it was negligence to approach a public highway at such a rate of speed. It was not necessary for a witness to testify in terms that the train was moving at a high rate of speed and that it was negligent for it to run downgrade over a public crossing at such rate of speed. These were facts to be determined by a jury. Railway v. Starling, 41 S. W. 181, 16 Tex. Civ. App. 365; Railway v. Luten (Tex. Civ. App.) 203 S. W. 909. The judgment in the last-named case was reversed by the Supreme Court (228 S. W. 159), but only on the ground of an erroneous charge as to the degree of care required of a railway company when its train approaches a crossing. Inferentially the opinion of the Court of Civil Appeals was approved in all other respects.

[5] The Supreme Court held in the cited case:

"The presumption that the deceased exercised ordinary care for his own protection, and did not voluntarily place himself in a position of peril, is proper to be considered by the jury as a circumstance weighing in favor of the contention of the plaintiffs, and may have been so considered by the jury."

The language is peculiarly appropriate in this case in view of the contention that deceased was guilty of contributory negligence in going upon the crossing. The eighth assignment of error is overruled.

[6] The evidence clearly indicated that a proper lookout was not being kept as the crossing was being approached by the train. The engineer and fireman in effect admitted that they had not kept a lookout. They did not see the automobile until they were within 20 feet of it. They were looking back to see about a message given by the express messenger on the train. The evidence showed gross negligence, and it cannot be excused on the ground that the engineer and fireman were obeying a rule in looking back when the air whistle was blown. A rule that would command or permit the men on the engine to look back when approaching a public crossing was negligence in itself. The ninth assignment of error is overruled.

There is no merit in the tenth assignment of error, and it is overruled. If appellant was guilty of one or more or all the acts of negligence alleged, it was liable, and the issue as to inquiring into all or any one of them was not too broad and was not vague and indefinite.

There was evidence tending to show that there were such obstructions to the view of approaching travelers on the highway as to render the crossing dangerous. The eleventh

assignment of error is overruled, and the twelfth, as to the excessive speed, has been fully considered by this court under other assignments. The thirteenth assignment has also been fully considered and overruled under other assignments.

The fourteenth and fifteenth assignments of error are mere reiterations of other assignments and are overruled.

[7] There was ample evidence to show that the whistle was not blown nor the bell rung as required by law in approaching the crossing, and under the facts of this case such failure to obey the law was negligence per se and was a proximate cause of the death of deceased.

The other assignments of error are not meritorious and are overruled. There was no excess in the verdict.

The judgment is affirmed.