GALVESTON, H. & S. A. RY. CO. v. LEIFESTE et ux. (No. 8035.)

Court of Civil Appeals of Texas. San Antonio. June 20, 1928.

Rehearing Denied July 27, 1928.

**1. Appeal and error ⬥⟿733—Assignment that judgment is contrary to law and evidence and not supported by either is too general.**

Assignment of error that judgment is contrary to the law and evidence and not supported by either the law or the evidence adduced on the trial is too general and indefinite to be considered.

**2. Railroads ⬥⟿350(16)—Failure of one approaching crossing to stop, look, and listen for approaching trains is not contributory negligence as matter of law.**

Failure of person approaching railroad crossing to stop, look, and listen for approaching trains does not constitute contributory negligence as matter of law; such question being still one of fact for court or jury under all surrounding facts and circumstances.

**3. Railroads ⬥⟿350(22)—Automobilist, struck by locomotive while crossing tracks at 15 miles an hour at obstructed street crossing, with noisy airplanes overhead, held not contributorily negligent as matter of law.**

Automobilist, struck by locomotive, running at about 40 miles an hour without giving statutory crossing signals, while crossing track at speed of 12 or 15 miles per hour at town street crossing, where view was obstructed by railroad company's lumber sheds until within 50 feet of crossing, and 10 airplanes creating loud noise were passing overhead just in front of train, held not contributorily negligent as matter of law.

**4. Railroads ⬥⟿312(3), 316(2)—Finding that railroad was negligent in running train across town streets at 40 miles per hour without crossing signals held justified.**

In action for death of automobilist, struck by locomotive at street crossing, court was justified in finding that defendant was guilty of negligence in running its train through a town across streets at 40 miles per hour without giving signals of its approach to crossings.

**5. Railroads ⬥⟿350(7)—Conflicting testimony as to whether locomotive whistle was blown or bell rung raised fact issue for trial judge.**

In action for death of automobilist struck by locomotive at street crossing, testimony of plaintiffs' witnesses that whistle did not blow nor bell ring and of witnesses for defendant that statutory crossing signals were given raised an issue of fact for trial judge.

**6. Railroads ⬥⟿346(5)—Presumption is that deceased exercised ordinary care and did not voluntarily move in front of rapidly approaching train.**

In action for death of automobilist struck by locomotive at street crossing, presumption arises that deceased exercised ordinary care to protect himself and did not voluntarily move in front of moving train known to be approaching at rapid rate, and such presumption may be considered by court in connection with question of contributory negligence.

**7. Railroads ⬥⟿316(1)—That train, moving at excessive speed over town highway crossings, was moving at scheduled rate, is no excuse.**

Fact that train, moving at excessive speed considering existence of town and public highway crossings, was moving at scheduled rate, is no excuse.

**8. Death ⬥⟿99(5)—$7,500 judgment for death of plaintiffs' 25 year old son held not excessive.**

Judgment for $7,500 for death of plaintiffs' 25 year old son in collision between his automobile and defendant's locomotive at street crossing held not excessive.

**9. Commerce ⬥⟿80—$7,500 judgment against railroad company for death of plaintiffs' 25 year old son held not to impose unreasonable burden on interstate commerce (Const. U. S. art. 1, § 8, par. 3).**

Judgment for $7,500 against railroad company for death of plaintiffs' 25 year old son in collision between his automobile and locomotive at street crossing held not to impose unjust and unreasonable burden on interstate commerce, contrary to Constitution (Const. art. 1, § 8, par. 3) and laws of the United States.

Appeal from District Court, Guadalupe County; Lester Holt, Judge.

Action by C. H. Leifeste and wife against the Galveston, Harrisburg & San Antonio Railway Company, in which the Georgia Casualty Company intervened. From a judgment for plaintiffs and intervener, defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Dibrell & Mosheim, of Seguin, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, and R. A. Weinert and A. J. Wirtz, both of Seguin, for appellees.

FLY, C. J. C. H. Leifeste and wife, Sophia Leifeste, sued appellant to recover damages accruing to them by reason of the death of their son, I. V. Leifeste, through the negligence of appellant. Appellant answered by general demurrer, general denial, and specially alleging contributory negligence on the part of deceased. The Georgia Casualty Company intervened, alleging that the

Blumberg Motor Company, by whom I. V. Leifeste was employed at the time of his death, was a subscriber under the Texas Employers' Liability Act (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), and carried a policy of compensation insurance with the intervener, and that the plaintiffs had obtained an award from the Industrial Accident Board in the sum of $548.35, for compensation already accrued, and weekly compensation of $9.97 for 305 weeks. The casualty company joined appellees in their prayer for relief and for protection of its interests. The cause was heard without a jury, by the court, and judgment rendered in favor of appellees and intervener for $7,500 as against appellant, and it was further ordered that the Georgia Casualty Company recover the sum of $1,415.74, the compensation paid the Leifestes; said amount to be deducted from the amount for which judgment was rendered against appellant.

The facts are that on the morning of March 11, 1925, an east-bound passenger train of appellant, on its way from San Antonio to Dallas, while running at the rate of 40 miles an hour, struck the automobile of I. V. Leifeste, known as Victor Leifeste, at a crossing in the town of Marion, and injured him so seriously that he died a few minutes after the accident. Deceased traveled along the paved highway running east and west parallel to the railroad track and just south of the right of way, until he reached a point where the road to New Braunfels turned to the north, when he followed that road for a short distance between lumber sheds on the right of way owned by appellant, on each side of the road. Deceased drove upon the crossing, and his car was struck about the center of its body, and it and the body of deceased tossed off to the north of the track. He died in a few minutes. He was 25 years of age, and lived with his mother and father. The train failed to give signals of its approach, and was running through the town of some 400 inhabitants at an excessive rate of speed. A formation of at least 10 airplanes, at a low altitude, was moving just ahead of the train and creating much noise. The lumber sheds on the right of way of appellant obstructed the view of the railroad in both directions from deceased.

[1] The first proposition is based upon the first and second assignments of error. The first assignment is:

"The judgment of the court is contrary to the law and the evidence, and is not supported by either the law or the evidence adduced upon the trial of the case."

It is too general and indefinite to be considered, but the second assignment of error is to the effect that the undisputed facts show contributory negligence upon the part of the deceased in going upon a crossing immediately in front of a moving train, and that proposition, together with the fourth proposition to the same effect, will be considered.

[2] It has been definitely settled by the courts of Texas that the failure of a person approaching a railroad crossing to stop, look, and listen for approaching trains does not, as a matter of law, constitute contributory negligence, but that it is still a question of fact to be passed upon and decided by court or jury, as the case may be, under all the facts and circumstances surrounding it. In the case of Trochta v. Railway (Tex. Com. App.) 218 S. W. 1038, Chief Justice Phillips, in approving the opinion for the Supreme Court, tersely stated the general rule to be "that the failure of one about to go over a public railroad crossing to look and listen for an approaching train, does not, of itself, constitute negligence as a matter of law." It was a question of fact in that case, as in this, for the court or jury. It was affirmatively found in the Trochta Case that, if the deceased had looked when he was 50 feet from the crossing he could have seen the train at a distance of 194 yards. The same rule is adopted in Railway v. Wilson, 60 Tex. 142; Kirksey v. Traction Co., 110 Tex. 190, 217 S. W. 139; Barron v. Railway (Tex. Com. App.) 249 S. W. 825; Railway v. Laro (Tex. Civ. App.) 273 S. W. 684; Freeman v. Railway Co. (Tex. Com. App.) 285 S. W. 608; and Railway v. Perry (Tex. Civ. App.) 296 S. W. 683.

The facts tending to show contributory negligence upon the part of deceased in this case are no stronger than against the persons injured or killed in the cited cases. In two of the cases juries had found in favor of the plaintiffs and the judgments had been reversed by the Courts of Civil Appeals and writs granted by the Supreme Court and judgments of the appellate courts reversed and those of district courts affirmed. Trochta v. Railway and Freeman v. Railway.

[3] It appears from the facts in this case that deceased was traveling east in an automobile, along the main east and west road through the town of Marion, parallel with the railroad track, and turned north towards the railroad on the main north and south street. The train was a passenger train, with only five cars attached to the locomotive, and was running at a probable speed of 40 miles an hour through the town of Marion and across streets that were in use by the general public. Deceased approached the railroad crossing at a speed of 12 or 15 miles, and, as he was crossing the track, was struck by the locomotive of appellant and killed. After he turned north towards the crossing his view of the railroad track was obstructed, both east and west, by lumber sheds. He could not have seen along the railroad track in either direction until he was within 50 feet of the crossing. Deceased

was seen by the engineer before he got out in the clear from the sheds along the street. The engineer stated that the engine was from 100 to 125 feet from deceased when he came from behind the shed. No warning whistle was given until about the time the engine struck the automoblie. The statutory signals for the crossing were not given, and the speed of the train was not decreased in approaching the crossing and going through the town. At the time deceased approached the crossing, 10 airplanes were passing over the town and creating a loud and roaring noise. The airplanes were just in front of the train and flying lower than usual. The lumber sheds were on the right of way of appellant, and were removed by it after the accident. The train was running at such a rate of speed that it ran about one-sixth of a mile or approximately 900 or 1,000 feet, after the collision, before it was stopped, although all means in the power of the engineer were used to stop the train.

[4] The court was justified in finding that appellant was guilty of negligence in running its train through a town and across streets at a very high rate of speed and without giving signals of its approach at crossings. The sheds were on the right of way, and were the property of appellant, and prevented deceased from seeing the train as it approached. The court was justified in finding that the airplanes made such a noise as to drown the noise of the approaching train and to cause deceased to not suspect its approach.

[5, 6] Several witnesses swore that they did not hear any whistle blow, and that they would have heard it if it had been blown. Two witnesses swore positively that the whistle did not blow nor the bell ring. Witnesses for appellant testified that the statutory signals were given, and the evidence raised an issue of fact to be decided by the judge. Railway v. Johnson (Tex. Civ. App.) 224 S. W. 277; Davis v. Pettitt (Tex. Com. App.) 258 S. W. 1046; Railway v. Steele (Tex. Civ. App.) 264 S. W. 503; Railway v. Streich (Tex. Civ. App.) 281 S. W. 295. The presumption would arise that deceased exercised ordinary care to protect himself, and did not voluntarily move in front of a moving train that he knew was approaching at a rapid rate, and that presumption could be considered by the court in connection with the consideration of the question of contributory negligence. Railway v. Luten (Tex. Com. App.) 228 S. W. 159. The failure to give signals, the reckless rate of speed through a town across thoroughfares, the noise and confusion caused by the great number of airplanes flying at a low height, the sheds of appellant, all these combined to prevent deceased from hearing or seeing the approach of the train, and relieved him from the charge of contributory negligence.

A due regard for human safety, for human life, should have caused the employees of appellant to have lessened the speed of the train and to constantly have given signals while passing through a community of 400 inhabitants. Appellant had only its track and immediate right of way to watch in front of the train; deceased had to watch for other automobiles and to watch the railroad tracks in both directions. As said by this court, through Judge Smith, in the Laro Case, hereinbefore cited:

"They [the facts] show the intersection of a railway by a public road, environed by conditions which presented at least slight difficulties to the traveler, who was required in the exercise of ordinary care to in some degree divide his attention among those difficulties and the more serious and imminent danger of approaching trains. In other words, he was passing through a situation requiring the use of discretion on his part. It was not a case where the traveler was confronted with no other danger or difficulty than that of an approaching train, in which case only is a court permitted to assume from undisputed physical facts that, because he deliberately walked into the single and obvious danger, the traveler is guilty of contributory negligence as a matter of law."

The difficulties surrounding Laro in that case were not so numerous or complicated as those surrounding deceased in this case. The trial court under the facts correctly held that contributory negligence had not been proved. The Laro Case was copiously quoted from and approved by the Amarillo Court of Civil Appeals, in Railway v. Perry, 296 S. W. 683.

[7] The evidence indicated that the automobile was struck on or near the central or rear part of the body, which tends to show that, if the train had been moving at a reasonable rate of speed, it would not have struck the automobile. The facts tend to show that, taking into consideration the existence of the town and crossings of public highways, the train was moving at an excessive speed, and the fact that the train was moving at the schedule rate of speed offers no palliation or excuse for such speed.

[8, 9] It is not and could not be claimed that the trial judge had any prejudice against appellant or that his judgment was influenced by passion or prejudice, and we think the facts sufficient to justify a judgment of $7,500 in favor of the parents of a son twenty-five years old when killed by appellant. Railway v. Pigott, 54 Tex. Civ. App. 367, 116 S. W. 841. We do not think, as claimed by appellant, that the small judgment in this case will impose "an unjust and unreasonable burden on interstate commerce in contravention of the Constitution (art. 1, § 8, par. 3) and laws of the United States." More is to be feared for the Constitution of the American Union from insidious attacks made upon it under the

guise of forwarding or protecting interstate commerce than any petty judgment rendered in case of the negligent destruction of a citizen of Texas. The rights of the state or those of the individual are in more imminent danger from the autocratic authority of the Interstate Commerce Commission, which is being extended into every nook and corner of the Republic, than are the claims of interstate commerce.

We have considered every point presented in the brief of appellant, and conclude that the judgment should be affirmed, and it is accordingly so ordered.