## TEXAS ELECTRIC RY. v. ZALUDEK.
### (No. 3180.)

Court of Civil Appeals of Texas. Amarillo.
April 3, 1929.

J. L. Gammon, of Waxahachie, for appellant.

John H. Sharp, of Ennis, for appellee.

HALL, C. J. This is a stock-killing case. In his petition, the appellee alleged that he resided about two miles south of Ennis, and that in the early part of the night of December 12, 1926, four of his horses got on appellant's right of way and were killed by one of the interurban cars; that the track where said stock were killed was straight, and if the motorman had been exercising ordinary care, as he should have been in keeping a proper lookout, he could have seen the stock in time to have avoided killing them; that appellant's servants were guilty of negligence in running the car at an excessive and dangerous rate of speed at that place; that said car was running between 50 and 100 miles per hour, and that the motorman did not have it under proper control at the time, or he could have stopped the car in plenty of time, consistent with the safety of the pas-

sengers, after discovering the stock upon the track; that, if he did not or could not have seen the stock in time to have avoided killing them, it was because the car was not equipped with suitable brakes and sufficient headlights; that the stock entered upon the right of way without negligence on the part of the plaintiff, and their loss was the result of the negligence and carelessness of defendant and its employees.

The appellant alleged that it had erected fences along its right of way, at the point of the accident, sufficient to protect and restrain live stock of ordinary disposition, and at the request of the owner of the land had erected good and sufficient gates, and had maintained the fences and gates ever since in good order, and they were in good order at the time of the accident; that its employees were running its train with ordinary care and due watchfulness for its passengers, the public, etc.; that, if the stock were injured by appellant, it was not through the fault or negligence of appellant or any of its employees, but that plaintiff was guilty of contributory negligence in failing to close the gate, and in permitting his live stock to go upon the right of way.

By a supplemental petition, the plaintiff alleged that he resided on the west side of the right of way, that appellant had provided for a crossing at that point for plaintiff and others who resided on the west side of the right of way, and undertook to maintain the gates in its fences, and that appellant knew that the crossing was used by plaintiff and others residing in that neighborhood at times, and it was the duty of appellant to keep a lookout for persons and animals on said crossing, and avoid injuring the same.

The jury found the facts in favor of the plaintiff, and from a judgment entered in accordance therewith the defendant has prosecuted this appeal.

Plaintiff introduced no witnesses who testified with reference to the facts at the time of the accident. Appellant's motorman, conductor, and several passengers testified for appellant with reference to the efforts of the motorman to stop the car after the horses were discovered upon the track. The motorman said he did not see the horses until they came within the light reflected by the headlight of his car, and were going onto the track from the right-hand side; that he sounded the gong, threw on the emergency brake, and did everything he reasonably could, consistent with the safety of his passengers, to avoid killing the horses. It appears that the horses were killed about 400 feet south of where they first came on the track.

■ The appellant contends by its first proposition that, because the testimony of all the witnesses who knew how the stock happened to be killed was to the effect that the animals suddenly came on the track in front of the car and ran ahead of it, and because the motorman at once sounded the gong, applied the emergency brake, and stopped the car as soon as he could, and because this testimony was not controverted, the court erred in refusing to peremptorily instruct the jury to find for the appellant. The record is not very clear upon the question, but from the evidence we infer that the crossing in question was not strictly a private crossing, because automobiles, and others residing in that neighborhood, used the crossing, and the public was at liberty to do so. The record does not show any agreement binding the plaintiff to keep the gate closed, or that he assumed responsibility for a failure to keep it closed. The plaintiff testified that the gate on the west side opened into his premises and his horse lot; that he put the horses in the lot that evening and closed the gate, and the next morning he found his horses about a quarter of a mile south of the gate, lying on either side of the track, dead. Several witnesses testified that the tracks of the horses showed that they were running down the track from a point near the crossing to where they were found lying the next morning.

R. S. art. 6402, provides: "Each railroad company shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railroad company in running over their respective railways. * * * If said company fence its road, it shall only be liable for injury resulting from a want of ordinary care."

■ The general rule is that the proof of the killing of stock on a railway track makes a prima facie case against the railway company. Baker v. Schroeder (Tex. Civ. App.) 198 S. W. 394; Texas Central R. Co. v. Pruitt, 101 Tex. 548, 109 S. W. 925; Fort Worth & D. C. R. Co. v. Jenkins (Tex. Civ. App.) 252 S. W. 189.

■ The case was tried in the court below by both parties upon the theory that the crossing was a private one, and it must be so considered here. The presumption of negligence on the part of the railway, which arises upon the proof of the killing by a railway train of live stock upon its right of way at a place where it is required to fence or put in gates, may be rebutted by alleging and proving that it had a fence and had provided gates sufficient to turn stock of ordinary disposition and propensities. In the instant case, appellant made the necessary allegations, but offered no proof to sustain them; but, even if evidence had been introduced in support of the allegations, appellant, by failing to request the submission of the issue, has waived and must be held to have abandoned that independent ground of defense. Bulin v. Smith (Tex. Com. App.) 1 S.W.(2d) 591; Ormsby v. Ratcliffe (Tex.) 1 S.W.(2d) 1084.

The record shows that the appellant's right of way and fences separated appellee's home

and premises from the public highway, and we must infer that the gates and crossing were there for appellee's use, convenience, and as a necessity. Since appellee showed that he had closed the gate that night before his stock were killed, and there is no evidence that the gate had been opened by any third party, and because there is no proof by appellant as to the condition of the gate and its fastenings prior to or at the time the stock were killed, and for the further reason that it is not shown that the animals were fence-breakers, the presumption obtains that the gate was not sufficient to turn live stock of ordinary propensities.

Proper measure of damages was alleged and proven by competent evidence. Under the view we take of the case, it becomes an immaterial inquiry whether the motorman was guilty of negligence, or whether the appellant is chargeable with negligence on account of having insufficient lights and brakes. The court did not err in refusing to direct a verdict for appellant.

The remaining propositions urged with reference to the question of negligence on the part of the motorman and relating to the insufficiency of the charge are immaterial.

For the reasons stated, the judgment is affirmed.