## BURLINGTON–ROCK ISLAND R. CO. v. WHITMIRE.

### No. 2635.

Court of Civil Appeals of Texas. Waco.

March 15, 1945.

Bennett & Bennett, of Normangee, and Barwise & Wallace, of Fort Worth, for appellant.

Allen H. Menefee, of Madisonville, for appellee.

HALE, Justice.

This is a damage suit. It originated in the Justice of the Peace Court. Appellee alleged in substance that appellant's freight train struck and killed his cow in the town of North Zulch on May 6, 1944, to his damage in the sum of $115. He further alleged as grounds for the recovery sought that appellant's agents, servants and employees were negligent in the operation of the train on the occasion in question in that (1) they failed to maintain a proper lookout, or (2) to sound the whistle or (3) to ring the bell on the locomotive as required by law, and (4) they were operating the train at an excessive rate of speed under the existing circumstances; and that each act of negligence aforesaid was a proximate cause of the injury and damages complained of. Appellant answered with a general denial and a plea of contributory negligence.

From an adverse judgment in the Justice of the Peace Court the Railroad Company appealed to the County Court, where the case was tried de novo before a jury on the original pleadings. In response to special issues, the jury found the facts to be as alleged by appellee. Thereupon, the County Court rendered judgment for appellee and the Railroad Company has appealed to this Court.

Appellant says the judgment should be reversed because there was no evidence of actionable negligence on its part and hence the trial court erred in overruling its seasonable request for a peremptory instruction and in submitting to the jury over its timely objections each of the four grounds of negligence and proximate cause relied upon for a recovery. In our opinion, if there was no evidence tending to raise any of the grounds of negligence and proximate cause submitted, then the judgment of the trial court should be reversed; but if there was sufficient evidence to raise any one of the four grounds upon which the recovery was based, then the judgment should be affirmed.

Appellant admits in its brief that appellee's cow was struck by one of its trains in the town of North Zulch within the switch limits near a street crossing where its right-of-way was not fenced; that its train was being operated at the time and place in question at a speed of approximately 50 miles per hour; that the cow was struck south of a box car spotted on a side track; and that the train was proceeding south at the time of the accident.

Appellee testified in effect that North Zulch was a town of three or four hundred inhabitants and that stock and cattle ran at large in the town at all times; that he lived about one hundred yards from the railroad tracks extending through the town; that on the afternoon of May 6, 1944 a box car loaded with wheat was spotted on a side track about 6 or 8 feet east from the main line track and was in process of being unloaded; that several trucks were parked within the vicinity of the box car awaiting their turn to be loaded; that he saw his cow near the box car about ten minutes before she was struck; that he next saw her two or three minutes after the accident at a point about sixty or seventy yards south of the box car, near the depot, where she was found dead; that the main line track extended north of the point of accident in a straight line for a distance of one-half to three-fourths of a mile; that the whistle on the locomotive was blown about 100 yards up the track but that he did not hear any bell ringing at any time and his best recollection was that the bell was not ringing; and that the train was running as it passed through the town "at least 50 miles per hour."

Appellee's testimony was corroborated and supplemented by the evidence of other witnesses whom he introduced on the trial. Appellant did not tender any witness or introduce any evidence.

Having duly considered all of the testimony in the case, all of the authorities cited by the parties in their respective briefs and the arguments advanced by each, we have concluded that the evidence was sufficient to raise issues of negligence and proximate cause on at least two of the separate grounds of recovery relied upon, viz.: (1) Failure to ring the bell on the locomotive as required by the statutes, and (2) operating the train at an excessive rate of speed under all of the existing facts and circumstances. Gulf, C. & S. F. R. Co. v. Marchand, 24 Tex.Civ.App. 47, 57 S.W. 860, error refused; Houston & T. C. R. Co. v. Garrett, Tex.Civ.App., 160 S.W. 111; Houston & T. C. R. Co. v. Holbert, Tex. Civ.App., 182 S.W. 1180; Galveston, H. & S. A. R. Co. v. Leifeste, Tex.Civ.App., 8 S. W.2d 764; Id., Tex.Com.App., 22 S.W.2d 1061; Texas Electric Ry. v. Zaludek, Tex. Civ.App., 15 S.W.2d 1079; Rio Grande, E. P. & S. F. R. Co. v. Lucero, Tex.Civ.App., 54 S.W.2d 877, error dismissed; Rio Gran-

de, E. P. & S. F. R. Co. v. Dupree, Tex. Com.App., 55 S.W.2d 522.

Therefore, each of appellant's points and assignments of error is overruled and the judgment of the trial court is affirmed.