MISSOURI PACIFIC RAILROAD
COMPANY, Appellant,

v.

John Wayne SHAW, Appellee.

No. 1714.

Court of Civil Appeals of Texas,
Corpus Christi.

June 30, 1981.

Bond Davis, Gresham, Davis, Gregory, Worthy & Moore, San Antonio, William H. Keys, Keys, Russell, Seaman & Mansaker, Corpus Christi, J. R. Schneider, Schneider & McWilliams, George West, for appellant.

Paul Jensen, Dudensing, Webb, Tullis & Jensen, Houston, Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

Carol S. Noble, Houston, for intervenor.

## OPINION

YOUNG, Justice.

This is an appeal of a judgment entered for $482,091.00 in favor of the driver of a tractor-trailer which collided with a caboose at a railroad crossing. The judgment was based on findings by the jury that the railroad had a duty to warn of the backing operation of the train at the crossing. Appellant, Missouri Pacific Railroad Company, in its appeal asserts error in the failure of the trial court to enter judgment non obstante veredicto because of the lack of a finding that the crossing was extra hazardous, which finding is necessary to impose a duty on appellant to warn. We affirm.

A brief summary of the relevant facts, according to appellee, is as follows. Appellee, John Wayne Shaw, was driving a tractor-trailer through George West in the darkness of early morning on September 28, 1976. As he approached a railroad crossing which had lights flashing, he saw the headlights of two trains, one which was moving away from the crossing in a northerly direction, the other which was moving to the south away from the crossing. Shaw, being fully cognizant of train activity, approached the crossing cautiously, stopping some distance away from the tracks. Shaw testified that after stopping, he looked in both directions carefully, and seeing no trains, proceeded to cross the tracks. As the cab of his tractor-trailer traveled over the tracks, it was struck from the left side by the caboose of a train that was backing across the crossing. This collision caused the injuries of which he complains.

The liability of the parties was determined by the jury on primary negligence issues. Judgment was entered in favor of the appellee, who sustained injuries as a result of the appellant's failure to give adequate warnings of the backing operation of the train. The trial court refused to grant the appellant's motion for judgment non obstante veredicto, which urged that the verdict would not support a judgment for the appellee on two grounds:

"(1) Since Plaintiff saw the locomotive lights and the flashing lights at the crossing, and appreciated the danger, Railroad had no duty to provide any additional warnings, and any failure to provide ad-

ditional warnings could not have been a proximate cause of the collision; and (2) In the absence of pleading, proof, and a finding by the jury that the crossing was extra-hazardous, Railroad had no duty to provide any additional warning."

Appellant in its first point of error contends that the trial court erred in overruling the motion for judgment non obstante veredicto. In that motion, the appellant argued that a finding of liability on the part of the railroad could not be sustained without pleading and proof that the railroad owed a duty to warn the plaintiff of the extra hazardous nature of the crossing. Therefore, judgment could not properly be entered in favor of the appellee without a finding that the crossing was extra hazardous.

■ In reviewing an order overruling judgment non obstante veredicto, this Court must ascertain whether the material jury findings are without support in the evidence or are contrary to the conclusive evidence. *Pate v. Southern Pacific Transportation Co.*, 567 S.W.2d 805, 807 (Tex.Civ. App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.). All evidence must be viewed in a light most favorable to the jury's findings in making this determination. *Wood v. Texas Farmers Insurance Co.*, 593 S.W.2d 777 (Tex.Civ.App.—Corpus Christi 1979, no writ). After reviewing all the evidence in light of this rule, we hold that the findings of the jury are adequately supported by the evidence.

The crux of appellant's argument, however, is not a challenge to the evidentiary support to the jury's findings. Appellant's main contention is that in the absence of a finding of extra hazardous crossing which would impose upon the appellant a duty to warn, no liability may be imposed upon appellant because appellant has done everything it was required to do by law. No additional duty was required by statute so long as article 6370 was complied with by the appellant. (Tex.Rev.Civ.Stat.Ann. art. 6370 requires the erection of a warning sign close to the crossing to warn persons of the necessity of looking out for railroad cars.)

In other words, if appellant complied with this statute and if the crossing was not extra hazardous in nature, then the appellant could not be held liable for any injuries incurred as a result of an automobile crossing the tracks. In support of this contention, appellant offers many opinions of appellate courts of this State allegedly standing for the proposition that no additional duty to warn is required. An examination of some of the case law on both sides of this issue follows.

Every railroad crossing is a place of danger. The hazardous nature of a crossing should be recognized by both the driver of the automobile and the operators of the train alike. *Panhandle & Santa Fe Ry. Co. v. Karr*, 257 S.W.2d 486 (Tex.Civ.App.— Amarillo 1953), aff'd, 153 Tex. 25, 262 S.W.2d 925. In order to eliminate some of the dangers inherent to railroad crossings, statutes have been promulgated by the Legislature of this State which set out the minimum standard of safe conduct which must be exercised by both the driver of the car and the operators of the train.

■ The duty imposed on the driver of an automobile is to stop his car within a specified distance in the event one of four circumstances occur which warn the driver of the proximity of a train. Tex.Rev.Civ. Stat.Ann. art. 6701d, § 86; *Southern Pacific Company v. Castro*, 493 S.W.2d 491 (Tex. 1973); *Southern Pacific Transportation Company v. Garrett*, 611 S.W.2d 670 (Tex. Civ.App.—Corpus Christi 1980, no writ). The operators of the train, on the other hand, must not only erect the familiar crossbuck signs at crossings but also must take other steps such as the sounding of bells and whistles and the using of headlights to warn the public that a train is approaching the crossing. Tex.Rev.Civ. Stat.Ann. art. 6370–6372 (1980); *Burlington-Rock Island Ry. Co. v. Ellison*, 140 Tex. 353, 167 S.W.2d 723 (1943); *Burlington-Rock Island Ry. Co. v. Whitmire*, 186 S.W.2d 296 (Tex.Civ.App.—Waco 1945, no writ).

When these statutory duties are complied with, the chances of a serious collision between car and train are greatly reduced. Unfortunately, however, collisions still occur even when there is compliance with these statutory duties by all parties. In those situations, the common law test of negligence and proximate cause is applied to determine which party is at fault in the collision.

The test of ordinary care, being "... the doing of something that a person of ordinary prudence would not have done under similar circumstances, or the failure to do something that such a person would have done under the same or similar circumstances," is applied to the actions of the parties. *Texas & N. O. R. Co. v. Blake*, 175 S.W.2d 683, 685 (Tex.Civ.App.—Fort Worth 1943, writ ref'd n. r. e.). The issue of ordinary care is one of fact to be determined from all the facts and circumstances of the particular case. *Rio Grande, E. P. & S. F. R. Co. v. Dupree*, 55 S.W.2d 522, 525 (Tex.Com.App.1932, judgment adopted).

The right of the traveler to use the crossing is not unrestricted but rather must be done so by exercising ordinary care and prudence to discover and avoid approaching trains. *Rio Grande, E. P. & S. F. R. Co. v. Dupree*, supra. Likewise, the train may have the right-of-way, but it must be operated with care and caution, such as reasonably prudent men would exercise to avoid colliding with persons passing thereon. *Panhandle & Santa Fe Railway Co. v. Liscomb*, 365 S.W.2d 190, 197 (Tex.Civ.App. —El Paso 1963, writ ref'd n. r. e.); *Texas & N. O. R. Co. v. Blake*, supra, at 685. The facts of this case suggest that no statutory duty has been violated by either party. Therefore, the test of ordinary care must be applied to the actions of both parties.

Appellee approached the crossing in the darkness before sunrise. The lights on the crossbuck indicating the proximity of a train were flashing. To the right the appellee saw the headlight of an engine and cars of a train proceeding in a northerly direction away from the crossing. To the left the appellee could see the headlights of a train proceeding in a southerly direction away from the crossing. The appellee approached the crossing slowly, bringing his truck to a complete stop some distance away from the crossing. He testified that he looked to the right, then to the left, and then again to the right. In seeing no activity indicating the immediate presence of a train, he then proceeded slowly across the tracks when his truck was struck from the left by an unlit caboose of a train in a backing operation. He testified that he had no warning of the presence of the train: no lights on the caboose, no watchmen, no bells, no whistles.

This account of the collision is largely corroborated by a witness who was approaching the crossing from the opposite side of the tracks. The witness testified that the flashing lights of the crossbuck were operational, but no activity was present which would indicate the proximity of a train. The witness testified that he was preparing to cross the tracks when he saw the unlit caboose hit the appellee's truck, which was already on the tracks. The witness also testified that he had no warning of any type as to the activity of the caboose in a backing operation.

The testimony of the operators of the train, on the other hand, was that the engineer blew the whistle three short times before beginning the backing operation. The conductor testified that white track lights on the rear of the caboose were not operating but that red marker lights were. He also testified that once he saw the appellee nearing the crossing, he blew the whistle and went inside the caboose to apply the brakes. He further testified that the crossing was a very dangerous one.

The jury was called upon to resolve the conflicts in the testimony and to answer the questions of liability. It found that the appellant failed to give necessary adequate warnings or additional signals to the appellee that it was about to operate its train backwards. This failure was found to be negligence and the proximate cause of the collision. As to the appellee, the jury refused to find that the appellee was statutorily

negligent in failing to stop his vehicle within the prescribed distance. The jury further refused to find that the appellee proceeded across the tracks as would a person not exercising ordinary care. Finally, the jury assessed the percentage of the appellant's negligence at 100%. No challenges are made to any of these findings.

■ We hold that the submission of these issues to the jury sufficiently posed the question of primary negligence of each party to the jury. No statutory duty was breached which would impute a finding of negligence per se. Therefore, the issues to the jury properly set out the question of liability based on the test of ordinary negligence.

Other courts have similarly upheld the submission of ordinary negligence issues in railroad crossing cases. *Rio Grande, E. P. & S. F. R. Co. v. Dupree,* supra, at 525; *Fort Worth & Denver Ry. Co. v. Ferguson,* 261 S.W.2d 874, 882 (Tex.Civ.App.—Fort Worth 1953, writ dismissed); *Texas & N. O. R. Co. v. Brook,* 127 S.W.2d 599 at 601–602 (Tex.Civ.App.); see also the dissent in *Karr v. Panhandle & Santa Fe Ry. Co.,* 153 Tex. 25, 262 S.W.2d 925, 932 (1953).

> "It appears elemental that pushing six railroad cars ahead of an engine across a highway, without sufficient light on the front car to warn motorists of the approach of the train, there being no flagman, signal light or bell at the crossing, would raise a jury question as to negligence in such respect." *Southwest Stone Co. v. Symons,* 237 S.W.2d 380, 386 (Tex. Civ.App.—Fort Worth 1951, writ ref'd n. r. e.).

In the absence of a finding of negligence per se, the only proper means for determining liability is by submitting issues which evaluate the actions of the parties under the test of common law negligence. Appellant's first point of error is overruled.

Appellant's second point of error, relating to the submission of an issue of extra hazardous crossing, is without merit. This case was not tried on the theory of an extra hazardous crossing. See *Pate v. Southern Pacific Transp. Co.,* supra; *Southwest*

*Stone Co. v. Symons,* supra at 388. Appellant's second point is overruled.

The judgment of the trial court is affirmed.