**HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant,**

v.

**Walter A. SPAIN, Appellee.**

**No. 804.**

Court of Civil Appeals of Texas, Tyler.

March 13, 1975.

Rehearing Denied April 3, 1975.

William Drew Perkins, Lufkin, for appellant.

Granberry & Hines, F. P. Granberry, Crockett, for appellee.

MOORE, Justice.

This is a suit by an injured third party to collect from an insurance company a judgment recovered against a motorist allegedly insured by the company with a policy of public liability insurance. The in-

stant suit was instituted by Walter A. Spain, appellee, against Hartford Accident and Indemnity Company, appellant, in the Third District Court of Houston County on December 22, 1972. Spain alleged that on January 8, 1972, he obtained judgment in the amount of $6,500.00 against Julia Loggins, the community survivor of Kim B. Loggins, deceased, in Cause No. 10,787 in the District Court of Walker County for damages as a result of an automobile accident occurring in Walker County on September 28, 1963. Appellee, Spain, alleged that at the time of the accident in 1963 Kim B. Loggins was covered by a policy of liability insurance issued by Hartford. Appellant, Hartford, answered with a general denial denying it issued a policy to Kim B. Loggins and, among other things, defended on the ground that if such policy of insurance did exist, it had no notice of the Walker County suit. Trial was before a jury. In response to Special Issue No. 1 the jury found that "Kim and Julia Loggins were insured with a Texas Standard Liability Policy on September 9, 1963, issued by Hartford Accident and Indemnity Company." Appellant filed a motion to disregard the finding and also moved for judgment non obstante veredicto, alleging that there was no evidence to support the finding that Hartford issued a policy of insurance to the Loggins. After overruling the motions, as well as appellant's motion for new trial, the trial court entered judgment on the verdict in favor of appellee for the sum of $6,500.00. From this judgment Hartford perfected this appeal.

Hartford urges by its first point of error that the trial court erred in overruling its motion for judgment non obstante and in entering judgment on the verdict because there is no evidence of probative force that the company issued Kim and Julia Loggins a policy of liability insurance.

■ In determining whether the trial court erred in *refusing to grant Hartford's* motion for judgment notwithstanding the verdict, the inquiry is whether there is any

evidence of probative force to support the verdict. Dallas County v. Miller, 166 S. W.2d 922 (Tex.Comm.App.1942, adopted); Douglass v. Panama, 504 S.W.2d 776 (Tex.Sup.1974). Upon appeal we are required to view the evidence in a light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. Douglass v. Panama, supra. Upon applying the foregoing rules to the record before us, we have concluded that there is no evidence of probative force to support the jury's verdict.

■ It is well established that a plaintiff seeking to recover for a loss on an insurance contract must prove that the contract was in force at the time of the loss. Ranger County Mutual Insurance Company v. Chrysler Credit Corporation, 501 S.W.2d 295 (Tex.Sup.1973); United Founders Life Insurance Company v. Carey, 363 S. W.2d 236 (Tex.1963); American Casualty & Life Co. v. Combs, 228 S.W.2d 897 (Tex.Civ.App., Amarillo, 1950, writ ref'd, n.r.e.); Monarch Fire Ins. Co. v. Redmon, 109 S.W.2d 177 (Tex.Civ.App., Dallas, 1937, no writ).

■ Also, a party who claims under a policy is required to produce the insurance contract upon which he sues or to prove its terms. Wann v. Metropolitan Life Ins. Co., 41 S.W.2d 50 (Tex.Comm.App.1931, holding approved); Equitable Life Assurance Society of U. S. v. Nelson, 396 S.W.2d 517 (Tex.Civ.App., Fort Worth, 1965, no writ).

It is without dispute that appellee, Spain, was involved in a collision with an automobile driven by Kim B. Loggins on September 28, 1963, in Walker County. Shortly after the accident Kim B. Loggins and wife filed suit for damages against appellee, Spain. In early 1964, Spain answered and filed a cross action for damages against the Loggins. The suit remained in limbo for approximately eight years. In the meantime Kim B. Loggins died. On

January 8, 1972, Spain obtained a judgment against Julia Loggins, as community survivor, for the sum of $6,500.00. There is nothing in the record indicating that Hartford participated in that suit in any manner.

Spain instituted the instant suit against Hartford in the District Court of Houston County on December 22, 1972, seeking a recovery on the judgment. He alleged that the Loggins were covered by a policy of liability insurance issued by Hartford which was in force and effect at the time of the accident in 1963, and Hartford was therefore liable on the judgment.

Upon the trial of the instant case, counsel for Spain took the witness stand and testified that he entered the case in behalf of appellee in 1971, having taken the matter over from another attorney who had theretofore represented Spain. He testified that although he had made a diligent effort to find the policy or some evidence of its existence, his efforts were unsuccessful. He testified he attempted to obtain the policy from Mrs. Loggins but found that she had moved and her whereabouts were unknown; that he contacted the attorney who represented Mrs. Loggins in the Walker County damage suit in an effort to obtain proof of the existence of the policy, but was unsuccessful. During the trial counsel for appellee called Hartford's attorney as a witness. Hartford's attorney testified that after the present suit was filed a search for a copy of the policy was made in Hartford's regional office in Houston but nothing was found showing the company had issued a policy to the Loggins. He also testified he contacted Hartford's agents in Madisonville and Huntsville and other surrounding towns in an effort to find whether they could remember having served the Loggins as customers but found nothing. In response to appellee's written interrogatories inquiring as to whether the company issued a policy to the Loggins, counsel for Hartford answered as follows: "Defendant cannot answer these two interrogatories because it has no record of the issuance of any policy to Kim B. Loggins and/or Kim B. Loggins and his wife, Julia Loggins. However, such policy may have been issued and Defendant have no record because inactive files are routinely destroyed after a period of time."

The only indication that a policy might have been issued by Hartford is to be found in the testimony of appellee and the testimony of Raymond Cornelius, Hartford's local agent in Houston County. Spain testified that shortly after the accident in 1963 a man called on him twice and represented himself as an agent of Hartford. On the first occasion he testified he told him that he was too sick to talk and on the second occasion he refused to talk to him telling him to contact his attorney. Raymond Cornelius testified that shortly after the accident a man came by his office asking if he knew anything about it, and another man, an employee of Hartford, came by his office several months or a year later asking about the accident and told them he knew nothing about it. There is nothing in the testimony of either Spain or Cornelius showing that either of the men made any statement indicating Hartford carried a policy of insurance on the Loggins' automobile, nor is there anything in their testimony which would explain why or for what purpose these men were making the investigation.

The alleged policy of insurance was never produced or offered in evidence, nor is there any proof of the terms of the alleged policy. The only evidence pertaining to what the terms of the policy might have contained is to be found in the testimony of Raymond Cornelius wherein he testified that if a policy was issued it would have been a Texas Standard Form Policy and if issued in 1963 would have provided a minimum coverage of $5,000.00 for one person and $10,000.00 for all persons injured.

■ Upon applying the foregoing rules of law to the evidence, we are of the opinion that there is no evidence of proba-

tive force showing a policy was issued or the terms thereof. The evidence does nothing more than raise a mere surmise or suspicion that the Loggins may have been covered by a policy of liability insurance issued by Hartford at the time of the accident. The mere fact that Hartford's agents investigated the accident does not, in our opinion, constitute any evidence of probative force showing such a policy existed or that such a policy was in force on the date of the accident. Moreover, even if it did, there is no proof whatever of the terms of the alleged contract of insurance. In legal contemplation, the evidence falls short of being any evidence. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898); Universal Commodities, Inc. v. Weed, 449 S.W.2d 106 (Tex.Civ.App., Dallas, 1970, writ ref'd., n.r.e.). For these reasons we are of the opinion that appellant's motion for judgment non obstante veredicto should have been sustained.

Appellee seeks to sustain the judgment on the ground that Hartford judicially admitted the issuance of a policy to the Loggins in a special answer filed by it in the previous suit in Walker County. We do not agree with this contention.

The record reveals that before trial in the Walker County suit, appellee attempted to join Hartford as a party defendant. Hartford answered with a general denial and several special answers seeking a dismissal or abatement on the ground that the statutes of this State does not permit a direct action against a liability carrier in a suit for damages against the insured. As a result of these pleadings, the court in the Walker County case dismissed Hartford from the suit. In the instant case appellee introduced the special answers filed in the Walker County suit to prove that Hartford admitted by such special answers that it was the liability carrier for Kim Loggins. While the special answers filed by Hartford in the Walker County suit did state that Hartford was the liability carrier for Kim Loggins, Hartford's general denial in the Walker County suit had the effect of denying it was the insurance carrier. Consequently the alleged admission is found only in the alternative pleadings. In these circumstances we do not believe Hartford's special answer in the prior case can be considered as a judicial admission.

■ The general rule is that where a defendant in a suit first enters a general denial to plaintiff's cause of action, he thereby puts in issue every allegation in plaintiff's petition (except such matters as are required to be denied by verified pleadings), and that any admissions that defendant may thereafter make in special answers cannot be regarded as evidence to support plaintiff's cause of action.

■ The reason for this rule is that under Rules 84 and 92, Texas Rules of Civil Procedure, a defendant has the right to file any number of special answers, even though they be conflicting in their nature. If admissions contained in special answers could be taken as evidence of facts denied generally by defendant, then this statutory right would be denied to a defendant. In filing several conflicting special answers he might, if the rule was otherwise, admit plaintiff's entire cause of action though he had denied same in a general denial. Consequently, a plaintiff admits nothing by an alternative plea. Eureka Security Fire & Marine Ins. Co. v. DeRoss, 62 S.W.2d 226 (Tex.Civ.App., San Antonio, 1933, dism'd); Dallas Ry. & Terminal Co. v. Hendricks, 140 Tex. 93, 166 S.W.2d 116 (Tex.Comm. of App.1942); Straffus v. Barclay, 147 Tex. 600, 219 S.W.2d 65 (1949). The rule announced in the foregoing cases applies only to admission made in alternative pleadings in the case on trial.

While we have been unable to find any Texas case holding that special answers filed in other causes cannot be considered as a judicial admission, we think the same rule is applicable here especially since the

instant suit is a derivative action. In other jurisdictions the courts hold that alternative fact allegations made in another suit in good faith do not constitute judicial admissions, especially where the parties are the same. 29 Am.Jur.2d, Sec. 692, p. 747. To hold that Hartford judicially admitted in the Walker County suit that it carried a policy on Loggins merely because the company sought by a special answer to have the action dismissed on the ground that it was improperly joined, would be to deny Hartford its right to plead alternative special defenses for fear the pleading would be used as a judicial admission in a subsequent derivative action such as this. In the Walker County case, Hartford was forced to assume the role of an insurer in order to show why the direct action against it should be dismissed. It could not merely deny it was the insurer and secure an order of dismissal. Consequently, we do not believe the special answer filed in the Walker County case can be considered either as a judicial admission or as any evidence in support of the jury's finding.

Even if it could be assumed arguendo that such pleading was sufficient to constitute a judicial admission, appellee would not be entitled to judgment because there is no evidence of the terms of the policy or the extent of the coverage. In view of appellee's failure to produce the policy, proof of its term was essential, and without such proof, appellee clearly failed to establish a cause of action. Ranger County Mutual Insurance Company v. Chrysler Credit Corporation, supra.

Appellee having failed to produce the insurance contract or to prove its terms, we think the court should have denied appellee's motion for judgment and should have rendered judgment non obstante veredicto in favor of Hartford.

Accordingly, the judgment is reversed and rendered in favor of appellant.