**COMMISSIONERS COURT OF HARRIS COUNTY, Texas, Appellants,**

v.

**Richard E. MOORE et al., Appellees.**

**No. 1209.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

July 16, 1975.

Joe Resweber, County Atty., Edward J.
Landry, Senior Asst. County Atty., Michael

R. Davis, Asst. County Atty., Houston, for appellants.

John G. Gilleland, Virgil H. Barfield, C. Anthony Friloux, Jr., Gerald A. Woolf, Houston, for appellees.

TUNKS, Chief Justice.

This is an appeal from an order denying a temporary injunction.

The controversy arises out of the procedure whereby the Commissioners Court of Harris County, by an order effective on July 1, 1973, reformed the boundaries of the Justice of the Peace and Constable precincts of Harris County, as authorized by Article V, Section 18 of the Texas Constitution, Vernon's Ann.St. Suit was filed by two individuals who were constables in Harris County before the effective date of that order, by three individuals who were Harris County Justices of the Peace before the order, and by one individual who sued as a voter of some of the old precincts affected by the order. Named as defendants were the individuals who had been members of the Commissioners Court at the time of adopting the order, those who, on January 1, 1975, succeeded some of those who had been members of the Commissioners Court at the time of the order, and the County Attorney of Harris County. Harris County, itself, was not named as a party defendant, and those who succeeded to the offices of those plaintiffs ousted from office by the redistricting order were not made defendants.

In their petition those of the plaintiffs who had been removed from office alleged that their removal was caused by a conspiracy between the Commissioners Court and the County Attorney to make an illegal and unconstitutional application of Vernon's Tex.Rev.Civ.Stat.Ann. art. 2351½(c) (1971) to their situations to their damages, actual and punitive, in the amount of $1,000,000 each. The voter plaintiff alleged that the unconstitutional application of Article 2351½(c) illegally deprived him and other voters of the effect of their votes.

In the prayer of plaintiffs' petition, it was asked they be granted a temporary injunction against the Commissioners Court, restraining them from enforcing the redistricting order and from preventing the plaintiff former office holders from exercising the functions of their former offices. It was prayed that on final trial the injunction be made permanent, that they have a declaratory judgment declaring Article 2351½ (c) to be unconstitutional, that they recover judgment for their damages as alleged, and that they be granted general relief.

Plaintiffs' application for temporary injunction was set for hearing. The Honorable Robert W. Hamilton was assigned to hear it as judge presiding over the 190th District Court of Harris County. The court's order recites that there came on to be heard the plaintiffs' application for temporary injunction, that the parties "announced ready for trial on said application for temporary injunctive relief" and that:

It is the holding of the Court that the Plaintiff Officers, Constables and Justices of the Peace, Plaintiffs herein, were and/or are entitled to complete the terms of offices to which they were elected in the numbered precincts to which they were elected, as redrawn by the Order of the Commissioners Court of Harris County on June 28th, 1973.

It is the holding of the Court that insofar only as Article 2351½C of the Civil Annotated Statutes mandates otherwise, it is unconstitutional. These officers were and/or are entitled to complete the terms of their offices to which they were elected and to receive the emoluments thereof.

The Court further finds that the Order of the Commissioner's Court which became effective July 1st, 1973 declaring the offices of these Plaintiffs vacant and filling those offices by appointees is invalid.

The Court further holds that the Commissioner's Court in passing the Order was complying strictly with the Statute as is written; that the Commissioners Court, and the members thereof have completed their role in this matter. There remains nothing further for said Defendants to do towards enforcing that Order.

The Court holds that the passing of said Order making appointments to fill these offices did result in the Plaintiffs' emoluments of office being withheld from them by Harris County and did result in their being excluded from their offices by the appointments made in said Order.

The Court further finds that any injunctive order issued by this Court would grant these Plaintiffs no relief.

It is therefore ADJUDGED and DECREED that the temporary injunction prayed for is denied.

To which above order denying the temporary injunction the Plaintiffs objected and excepted and gave notice of appeal; and to which above order declaring Article 2351½(c), V.A.C.S., to be unconstitutional, the Defendants objected and excepted and gave notice of appeal.

SIGNED, RENDERED AND ENTERED this 9th day of April, 1975.

/s/Robert W. Hamilton
JUDGE PRESIDING

■ While both parties gave notice of appeal, only the defendants perfected appeal by filing a bond. The only point of error in the defendants' appellate brief reads as follows:

THE TRIAL COURT ERRED IN ADJUDGING THE SUBSTANTIVE RIGHTS OF THE PARTIES AND RENDERING DECLARATORY JUDGMENT RELIEF PURSUANT TO THE HEARING ON THE APPLICATION OF APPELLEES FOR A TEMPORARY INJUNCTION PENDING A TRIAL OF THIS CASE ON THE MERITS, SINCE SUCH COURT WAS ONLY AUTHORIZED TO ENTER AN ORDER EITHER DENYING OR GRANTING A TEMPORARY INJUNCTION FOR THE SOLE PURPOSE OF MAINTAINING THE STATUS QUO OF THE SUBJECT MATTER PENDING A PROPER TRIAL OF THIS CASE ON THE MERITS.

That point of error is sustained. *Houston Belt & T. Ry. Co. v. Texas & New Orleans R. Co.*, 155 Tex. 407, 289 S.W.2d 217 (1956). Since the hearing at which the appealed from judgment was rendered was ancillary only, designed to maintain the status quo pending a trial on the merits, the trial court was not authorized to render a declaratory judgment on the constitutionality of Article 2351½(c). That is one of the items of relief, for which the plaintiffs sought judgment, that could properly be rendered only after a trial of this case on the merits.

■■ The plaintiffs gave notice of appeal but did not file any bond and, therefore, did not perfect appeal. This Court's jurisdiction was effectively invoked by the defendants' perfection of appeal. The defendants' notice of appeal did not meet the requirements of Texas Rules of Civil Procedure 353(c) so as to limit the scope of this appeal. Therefore, this Court's jurisdiction over that portion of the trial court's judgment denying the temporary injunction is invoked.

■ The plaintiffs, assuming the position of appellees, have not stated any cross-points in their briefs. However, since this is an appeal from an order denying a temporary injunction, the formal rules as to briefing are not applicable and we will consider the plaintiffs' vigorous contentions that the trial court erred in denying the temporary injunction.

■ The parties against which the plaintiffs asked for a temporary injunction were the Harris County Commissioners Court and its members. The trial court

correctly recited ". . . that the Commissioners Court, and the members thereof have completed their role in this matter." The trial court correctly further recited ". . . that any injunctive order issued by this Court would grant these Plaintiffs no relief." The only parties against which an injunctive order could conceivably grant the plaintiffs effective relief, Harris County and the individuals occupying the contested offices, were not even parties to the suit. Furthermore, the only plaintiffs who were elected to a term of office which has not yet expired were elected to the office of Constable. This Court has today held, in case # 1182, styled *Ed "Tracy" Maxon v. Ralph D. Franz*, that Article 2351½(c), at least as applied to the office of Constable, is constitutional. We disagree with the plaintiffs' contention that the trial court erred in denying the temporary injunction for which they asked.

The judgment of the trial court is reformed so as to delete therefrom those portions purporting to adjudicate the constitutionality of Article 2351½(c) and the validity of the redistricting action taken by the Harris County Commissioners Court. As so reformed the judgment is affirmed.