CITY OF SAN AUGUSTINE, Appellant,

v.

ROY W. GREEN COMPANY, Appellee.

No. 928.

Court of Civil Appeals of Texas, Tyler.

March 3, 1977.

John W. Mitchell, San Augustine, for appellant.

Kenneth L. Ross, Sharp, Ward & Ross, Longview, for appellee.

MOORE, Justice.

Plaintiff, Roy W. Green Company, brought suit against defendant, City of San Augustine, for $57,736.87 the balance allegedly due under a contract for the construction of a sanitary sewer system for the City. The City answered with a general denial and set up certain offsets and credits allegedly due it for overcharges on equipment rental and for liquidated damages for failure to timely complete the contract. The City also filed a counterclaim against the plaintiff for damages to its existing sewer system in the amount of $1,000.00, and for the sum of $2,000.00 for damages to its streets caused by plaintiff in constructing the sewer system. Trial was before a jury. In response to the twenty special issues, the jury returned a verdict favorable to the City on all twenty issues. Prior to entry of judgment the trial court granted plaintiff's motion to disregard the jury's findings to Special Issue 2 and Special Issues 7–14 and entered judgment for plaintiff Roy W. Green Company for the sum of

$31,799.19 plus various sums for interest on certain installment payments on which the City failed to make timely payment, together with attorney's fees. The trial court refused to grant plaintiff's motion to disregard the jury's findings to Special Issues 16 and 19 and entered judgment granting the City an offset in the amount of $3,000 on its cross claim for damages. The City of San Augustine perfected this appeal. We affirm.

Under points one through three, the City contends the trial court erred in disregarding Special Issues 7, 8, 9, 10, 11 and 20 and granting plaintiff a judgment notwithstanding the verdict because the City says there was evidence of probative force to support each of said issues. In reply, plaintiff, Roy W. Green Company, takes the position that since neither party pled that the contract was ambiguous, the interpretation of the legal obligations arising under the contract became a matter for the trial court. Consequently, the plaintiff argues that the jury's findings are superfluous and immaterial and the trial court properly disregarded the same. We sustain plaintiff's contention.

The record reveals that the parties entered into the contract on April 5, 1972. The contract was for the completion of a sewer construction project which had been abandoned by a previous contractor. The work involved not only the construction of new facilities on a fixed bid basis but also construction and repairs of the portion already installed by the former contractor which was to be done on a cost plus basis. Shortly after work began the City and Roy W. Green Company began to differ as to the computation of the cost plus charges made by plaintiff on equipment rental rates. The City took the position that under Section 6.01 of the General Conditions of Agreement, the equipment rental rates were to be billed in accordance with the Associated General Contractors manual. Roy W. Green Company took the position that the contract provided that the equipment rental rates were to be based on the Associated Equipment Distributors manual

called for in the Notice to Contractors and accordingly billed the City at the rates specified therein. The City objected and took the position that the rates charged amounted to approximately $32,000.00 more than the rates specified in the Associated General Contractors manual. Thus, the issue before the trial court was which of the two rate books was designated by the contractual document for computing equipment rental rates.

In response to Special Issues 7, 8, 9, 10, 11 and 20, the jury found (1) that Roy W. Green Company failed to use the rate book specified by the contract, (2) that such failure resulted in an overbilling, (3) that such overbilling amounted to $32,338.91, (4) that such overbilling made it necessary for the City to employ an engineering firm to review the billing submitted to the City, (5) that the amount of money that would fairly and reasonably compensate the City for the fees charged by the engineering firm was $1,208.66, and (6) that the balance due Roy W. Green Company for the work performed on the contract was "none."

The written agreement contained the following provision:

"1.02 CONTRACT DOCUMENTS. The Contract Documents shall consist of the Notice to Contractors (Advertisement), Special Conditions (Instructions to Bidders), Proposal, signed Agreement, Performance and Payment Bonds (when required), Special Bonds (when required), General Conditions of the Agreement, Technical Specifications, Plans and all modifications thereof incorporated in any of the documents before execution of the Agreement.

"The Contract Documents are complementary, and what is called for by any one shall be as binding as if called for by all. In case of conflict between any of the Contract Documents, priority of interpretation shall be in the following order: signed Agreement; Performance and Payment Bonds; Special Bonds (if any); Proposal; Special Conditions of Agreement; Notice to Contractors;

Technical Specifications; Plans, and General Conditions of Agreement."

The well settled rule is that when a building contract is in writing and is free from ambiguity, its construction is a question for the court and not for the jury. *Dearing & Sons v. Texas Construction Co.,* 1 S.W.2d 265 (Tex.Comm.App. 1928); *Signs v. Bankers Life & Cas. Co.,* 340 S.W.2d 67 (Tex.Civ.App.—Dallas 1960, no writ); see 10 Tex.Jur.2d sec. 92. Where a contract is so worded that it is susceptible to a certain legal meaning it is not ambiguous. *Dickey v. Bird,* 366 S.W.2d 859 (Tex.Civ.App.—Amarillo 1963, writ ref'd n. r. e.). Nowhere in its pleading did the City assert that the contract was ambiguous.

Upon applying the foregoing rules of law to the above quoted provisions of the contract, we are of the opinion that the contract is susceptible to a certain legal meaning. It specifically states that the provisions contained in the Notice to Contractors take priority over any conflict with the General Conditions of Agreement relied on by the City. Therefore, the provisions of the Notice to Contractors relied on by Roy W. Green Company take priority over the General Conditions of Agreement relied on by the City. It is without dispute that plaintiff billed the City in accordance with the rates specified in the Notice to Contractors and the mathematical computations of the amount are not in question.

The judgment recites that Roy W. Green Company used the correct equipment rental rates and, in substance, recites that the findings of the jury were immaterial. A jury finding on an immaterial issue should be disregarded by the trial court since it cannot affect the judgment to be entered. *Schiller v. Rice,* 151 Tex. 116, 246 S.W.2d 607 (1952); *First Am. Life Ins. Co. v. Slaughter,* 400 S.W.2d 590 (Tex.Civ.App.—Houston 1966, writ ref'd n. r. e.). In this case section 1.02 of the contract makes it clear that in the event of a dispute over the method of computing equipment rental, the method specified in the Notice to Contractors will control over other contract documents subsequently mentioned therein.

The interpretation of the contract was a matter to be determined by the court. Therefore, it follows that the court properly disregarded the jury's findings on the special issues in question. The City's points one through three are overruled.

Under the fourth and fifth points, the City contends that the court erred in awarding the plaintiff interest on certain installment payments not timely paid in accordance with the contract. The City contends that there is no evidence, and alternatively, that the evidence is insufficient to support a judgment for interest on past due installment payments.

The contract provides as follows:

"5:03 PARTIAL PAYMENTS. On or before the tenth day of each month, the ENGINEER shall prepare a statement showing as completely as practicable the total value of the work done by the CONTRACTOR up to and including the last day of the preceding month; said statement shall also include the value of all sound materials delivered on the site of the work that are to be fabricated into the work.

"The OWNER shall then pay the CONTRACTOR on or before the fifteenth day of the current month the total amount of the ENGINEER'S statement, less ten percent (10%) of the amount thereof, which ten percent (10%) shall be retained until final payment and, further, less all previous payments and all further sums that may be retained by the OWNER under the terms of this Agreement. . .

"5.08 DELAYED PAYMENTS. Should the OWNER fail to make payment to the CONTRACTOR of the sum named in any partial or final statement when payment is due or should the ENGINEER fail to issue any statement on or before the date above provided, then the OWNER shall pay to the CONTRACTOR, in addition to the sum shown as due by such statement, interest thereon at the rate of six percent (6%) per annum, unless otherwise specified, from date due as

provided under 'Partial Payments' and 'Final Payments,' until fully paid, which shall fully liquidate any injury to the CONTRACTOR growing out of such delay in payment, . . .."

The trial court awarded judgment to Roy W. Green Company for 6% interest on: $81,947.63 from September 15, 1972 until April 2, 1973; $48,049.29 from October 15, 1972 until April 2, 1973; $10,994.22 from November 15, 1972 until April 2, 1973; $9,291.54 from December 15, 1972 until April 2, 1973; $13,829.36 from January 15, 1973 until April 2, 1973; $209,691.19 from April 3, 1973 until June 11, 1973; $202,-959.87 from June 12, 1973 until February 14, 1974; and $57,736.87 from February 15, 1974 until date of Judgment.

Plaintiff offered in evidence the estimates submitted to the City covering each of the time periods shown above. Dan Cook, the job supervisor for Roy W. Green Company, testified that no payments were received between August 1972 and June 11, 1973 at which time the company was paid the sum of $6,731.32. He further testified that the City sent a check for $145,223.00 in February 1974 leaving a balance due and owing of $57,736.87 for which amount the company brought suit. The fact that the City did not make timely payments on the installment estimates is undisputed.

■ The well established rule is that where damages are complete at a definite time and the amount is determined by fixed rules of evidence and known standards of value, interest is recoverable as a matter of law from the date of the accrual of the cause of action. *Davidson v. Clearman,* 391 S.W.2d 48 (Tex.1965); *Statler Hotels v. Herbert Rosenthal Jewelry Corp.,* 351 S.W.2d 579 (Tex.Civ.App.—Dallas 1961,

writ ref'd n. r. e.). The payment of interest on past due installments amounted to a contractual undertaking on the part of the City. The judgment for interest on the delayed payments amounts to nothing more than the enforcement of the terms of the contract. Since the amount thereof is not in controversy, it follows that the judgment finds support both in law and in fact. The City's fourth point is overruled.

■ After a careful review of the entire record, and after considering and weighing all the evidence, we have concluded that we would not be justified in holding that the court's ruling in this regard is against the great weight and preponderance of the evidence. The City's fifth point is accordingly overruled.

This brings us to the cross point brought forward by plaintiff, Roy W. Green Company, complaining of that part of the judgment awarding the City damages on its cross claim for the sum of $3,000.00 by way of an offset. Plaintiff contends that the court erred in refusing to disregard the jury's findings to Special Issues Nos. 16 [1] and 19 [2] because there was no evidence of probative force to support the jury's findings on either issue.

At the outset we are confronted with the City's motion to dismiss the cross point for want of jurisdiction. In support of such motion the City contends that its appeal was limited to the severable portion of the judgment adversely affecting the City. Therefore, the City says that since plaintiff did not perfect a separate appeal, the judgment in favor of the City on its cross claim is not before us and this court has no jurisdiction to consider a cross point attacking such judgment.

1. "SPECIAL ISSUE NO. 16: FIND FROM A PREPONDERANCE OF THE EVIDENCE the amount of such expenditures made by the Defendant City of San Augustine in order to restore such existing sewer lines to a usable condition.

"Answer in dollars and cents, if any.
"ANSWER: $1,000.00"

2. "SPECIAL ISSUE NO. 19: FIND FROM A PREPONDERANCE OF THE EVIDENCE the

sum of money, if any, which would fairly and reasonably compensate the Defendant City of San Augustine for its losses of time, labor, materials and use of machinery in connection with the restoration of such streets and drives to a passable condition.

"Answer in dollars and cents, if any.
"ANSWER: $2,000.00"

**472**

While the record reveals that the City attempted to limit the scope of appeal to only that portion of the judgment adverse to it, there is nothing in the record to indicate that notice of such limitation was ever served on Roy W. Green Company and the City does not so contend. Rule 353(c), Texas Rules of Civil Procedure, which was in effect at the time the City attempted to limit the scope of its appeal read as follows:

"(c) No attempt to limit the scope of an appeal shall be effective as to a party adverse to the appellant unless the severable portion of the judgment from which the appeal is taken is designated in a separate notice served upon such adverse party and filed with the clerk within fifteen days after judgment or order overruling motion for new trial is rendered."

■ In the absence of a showing that notice of limitation of appeal was served on the plaintiff, Roy W. Green Company, the attempted limitation never became effective. Under these circumstances the entire record comes forward on appeal. Rule 353(c), supra; *Commissioner's Court of Harris County v. Moore,* 525 S.W.2d 926, 929 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Humble Oil and Refining Co. v. City of Georgetown,* 428 S.W.2d 405, 406 (Tex.Civ.App.—Austin 1968, no writ); *Gerst v. Guardian Savings and Loan Ass'n,* 427 S.W.2d 382, 391 (Tex.Civ.App.—Austin 1968), modified, 434 S.W.2d 113 (Tex.1968). The cross point of Roy W. Green Company is therefore properly before us for consideration and the City's motion to dismiss the same for want of jurisdiction is overruled.

■ In determining whether the trial court erred in refusing to disregard the jury's answers to Issues 16 and 19 and in refusing to grant a motion for judgment notwithstanding the verdict on the City's cross claim, the inquiry is whether there is any evidence of probative force to support the verdict of the jury. *Douglass v. Panama, Inc.,* 504 S.W.2d 776, 777 (Tex.1974); *Harbin v. Seale,* 461 S.W.2d 591, 592 (Tex. 1970); *Hartford Accident & Indem. Co. v. Spain,* 520 S.W.2d 853, 855 (Tex.Civ.App.—Tyler 1975, writ ref'd n. r. e.). In determin-

ing whether there is any evidence of probative force to support the verdict, we are required to view the evidence in the light most favorable to the party against whom the motion is sought and every reasonable intendment deducible from the evidence is to be indulged in that party's favor. *Douglass v. Panama, Inc.,* supra; *Hartford Accident & Indem. Co. v. Spain,* supra; *Linder v. Citizens St. Bank,* 528 S.W.2d 90, 91 (Tex.Civ.App.—Tyler 1975, no writ; *Shoppers World v. Villarreal,* 518 S.W.2d 913, 918 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.).

Under the terms of the contract plaintiff was obligated to repair all existing sewer lines, streets and private driveways damaged as a result of the work. Plaintiff does not attack the jury's findings that damages were caused to existing sewer lines, streets and private driveways as a result of the work. The attack on the judgment is confined to the sole contention that there was no evidence to support the amount of damages found by the jury.

Alton Shaw, the City Manager, testified that although he had not kept a time sheet covering the City's cost of repairing the sewer lines, he estimated that the City had spent roughly $1,000.00 in making the repairs. He testified his estimate was based on repairs made at nine different locations each of which required the work of two men, the use of a backhoe, and a pickup truck, as well as some materials. He testified that while he could not document every nut and bolt, he felt that his estimate of $1,000.00 was a good, fair estimate of the cost of making the repairs to the sewer lines.

With regard to the repairs to the city streets and private driveways, Shaw testified that some of the streets and driveways were rendered impassable and it became necessary for the City to utilize men and machinery to make the necessary repairs. He testified that although he could not document the number of man-hours required or the equipment used, he was of the opinion the City expended the sum of $2,000.00 and he felt this was a real con-

servative estimate of the costs incurred by the City in making street and driveway repairs. Plaintiff offered no testimony refuting the testimony of the City Manager, Alton Shaw.

■■■■ Reasonable certainty as to the amount of damages is all that is required of the plaintiff and he need not show the amount of the loss or damage with mathematical exactness. *Southwest Battery Corp. v. Owen,* 131 Tex. 423, 115 S.W.2d 1097, 1099 (1938); *H. B. Zackry Co. v. Ceco Steel Products Corp.,* 404 S.W.2d 113, 131 (Tex.Civ.App.—Eastland 1966, writ ref'd n. r. e.). The rule is that if the evidence presented by the injured plaintiff is sufficient to afford a reasonable basis for estimating his loss, he is not to be denied a recovery because he is unable to prove the exact amount of the damages. *Gulf Coast Investment Corp. v. Rothman,* 506 S.W.2d 856, 858 (Tex.1974); *Hindman v. Texas Lime Company,* 157 Tex. 592, 305 S.W.2d 947, 953 (1957). Viewing the evidence presented by the City in a light most favorable to the verdict and judgment, we have concluded there was some evidence on which the jury could have based its findings as to the amount of damages suffered by the City. Accordingly, the cross point presented by plaintiff is overruled.

The judgment of the trial court is affirmed.