REGO COMPANY, Appellant,

v.

Edsel W. BRANNON, Appellee.

No. 01–83–0864–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 6, 1984.

Rehearing Denied Dec. 31, 1984.

James C. Arnold, Montgomery J. English, H. Lee Lewis, Jr., Ross, Griggs & Harrison, Barclay A. Manley, Thomas P. Sartwelle, Fulbright & Jaworski, Susan M. Townsend, Funderburk & Funderburk, James Barker, Talbert, Giessel, Stone, Barker & Lyman, Houston, for appellant.

Ron G. Franklin, A. Glenn Diddel, III, Hill, Parker, Franklin, Cardwell & Jones, Houston, for appellee.

## OPINION

BULLOCK, Justice.

Rego appeals from a trial court judgment rendered on a jury verdict, awarding the appellee $205,000 in damages and post-judgment interest at an annual rate of 10%. We affirm.

The appellee purchased a pressurized propane gas cylinder in February, 1977, to fuel the stoves in his barbeque restaurant. In August, 1978, the appellee took the cylinder to a propane filling station, had it

filled with propane gas, placed it in the rear of his hatchback automobile, and drove to his restaurant. He parked the automobile outside the building and left it there all day. When he returned to the automobile that evening and struck a match, propane gas that had accumulated inside the automobile ignited, inflicting second and third degree burns over 30% of the appellee's body. Although propane gas normally contains an odoring agent, the appellee testified at trial that, because his clothes were saturated with barbeque sauce, he was, at the time of the accident, unable to smell anything except the aroma of barbeque.

Lee Cylinders, Inc., a co-defendant in this cause who arrived at a settlement with the appellee, manufactured the cylinder that contained the pressurized gas. Lee Cylinders affixed a warning label to the body of the cylinder that advised users not to expose the cylinder to fire or heat, and that "the valve is equipped with an automatic relief device designed to actuate when internal pressure exceeds 375 P.S.I."

The appellant is the manufacturer of the valve, which contains a hand-operated main control and an automatic safety release. This is a spring-loaded device, required by federal law on such pressure control systems, designed to trip open automatically whenever pressure in the cylinder exceeds a threshold of 375 pounds per square inch, in order to prevent rupture and possible explosion. Evidently the temperature inside the automobile on August 11, 1978, reached or exceeded the required temperature that would cause excessive pressure within the tank, with the result that the automatic release bled quantities of propane into the vehicle throughout the day.

The appellee offered the testimony of an expert witness who testified that in his opinion the valve was defective as marketed from the standpoint that the appellant had failed to affix any warning on the valve apprising users of the existence and operation of the automatic safety release. The appellant countered that the valve was neither defective in its design nor manufacture, and that if anyone had been careless in failing to place adequate warnings about the automatic safety release, it had been the co-defendant Lee Cylinders.

The jury found that the appellant failed to give adequate warnings regarding the automatic safety release and that this failure to warn rendered the valve unreasonably dangerous as marketed. It then apportioned the negligence in this dispute as follows: 18% with Lee Cylinders; 41% with the appellee, and 41% with the appellant. The jury awarded $500,000 in damages, and the trial court assessed the appellant's percentage of liability for the total award.

The appellant presents four points of error on this appeal, comprising three arguments:

That the trial court improperly denied the appellant's motion for judgment notwithstanding the verdict (Points of Error 1, 2);

That insufficient evidence supports the jury's attribution of negligence among the parties (Point of Error 3); and

That the trial court improperly admitted evidence of other claims against the appellant (Point of Error 4).

The appellant argues that the evidence introduced at trial did not support any theory of recovery against it, specifically, contending that the evidence established only the following:

1) That the design of the valve was not defective;

2) That the appellee's only evidence regarding the inadequacy of a warning thus goes to the question of a warning about a non-existent design defect; and therefore

3) That since the appellant's valve, standing by itself, had no defect, any danger or harm arising in this case arose as a result of Lee Cylinders' failure to impart an adequate warning to the appellee.

The appellant contends that, contrary to the jury's finding, it did not fail to provide an adequate warning to the appellee, and this failure to warn did not render the valve unreasonably dangerous as marketed. The appellant argues that the trial

court should have sustained its motion for a judgment notwithstanding the verdict.

■ "Errors of the trial court in refusing to render judgment non obstante veredicto raise only no evidence questions for appellate review." *Wise v. Pena*, 552 S.W.2d 196, 199 (Tex.Civ.App.—Corpus Christi 1977, writ dism'd). Moreover:

The law is clear in this State that before a trial court can render a judgment non obstante veredicto, based on the absence of evidence, it must determine that there is no evidence having probative force upon which the jury could have made the findings relied upon. In making this determination, all evidence must be considered in a light most favorable to the party in whose favor the verdict has been rendered, and every reasonable inference deducible from the evidence is to be indulged in such party's favor [citations omitted].

*Harbin v. Seale*, 461 S.W.2d 591, 592 (Tex. 1970); *see Missouri Pacific Railroad Co. v. Shaw*, 620 S.W.2d 161, 163 (Tex.Civ.App. —Corpus Christi 1981, writ ref'd n.r.e.); *Siderius, Inc. v. Wallace Inc.*, 583 S.W.2d 852, 860–61 (Tex.Civ.App.—Tyler 1979, no writ); *City of San Augustine v. Roy W. Green Co.*, 548 S.W.2d 467, 472 (Tex.Civ. App.—Tyler 1977, writ ref'd n.r.e.); *Hartford Accident & Indemnity Co. v. Spain*, 520 S.W.2d 853, 855 (Tex.Civ.App.—Tyler 1975, no writ); *cf.* Tex.R.Civ.P. 301.

■ In reviewing a challenge that insufficient evidence supports the jury's finding, we must look to the record as a whole. *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 150 Tex. 662, 663, 244 S.W.2d 660, 661 (1951). The jury is the sole judge of the credibility of a witness and the weight to be given his testimony. *See, e.g., Dotson v. Royal Indemnity Co.*, 427 S.W.2d 150 (Tex.Civ.App. —Fort Worth 1968, writ ref'd n.r.e.).

■ We agree with the appellee that the trial court acted properly in denying the appellant's motion for judgment notwithstanding the verdict. The appellee offered the testimony of a competent and qualified expert witness who testified clearly about the need for an adequate warning on the valve itself as to the existence and function of the automatic safety release, and therefore as to the dangers presented by the normal or abnormal operation of that automatic release. We do not agree with the appellant's contention that this evidence established only a question regarding the design of the valve itself. The evidence introduced at trial established the necessity for an adequate warning affixed to the valve assembly independent of the warning attached to the cylinder, and it also established the responsibility of the component manufacturer, the appellant herein, to ensure the effective transmission of that warning. The basis for the appellant's argument is a theory hypothesizing a defective design or manufacture of the device itself, and does not deal with the thrust of the appellee's claim that the valve with its automatic safety release, although perhaps manufactured properly, did not apprise its users sufficiently about the dangers inherent in the operation of the automatic safety release. The evidence supports the jury's finding, and we hold that the trial court acted properly in overruling the appellant's motion for a judgment notwithstanding the verdict.

In the alternative, the appellant suggests that the weight of the evidence establishes either that there was no necessity for placing a warning on the valve, or that we should attribute any liability stemming from an inadequate warning to Lee Cylinders. We conclude, in reviewing the evidence, that this argument is without merit.

■ Furthermore, "when testimony is offered which tends to prove a fact issue it is admissible, and its sufficiency or probative effect becomes a question for the jury to pass upon. *Meredith v. Eddy*, 616 S.W.2d 235, 238 (Tex.Civ.App.—Houston [1st Dist.], 1981, no writ).

The appellant contends that the appellee's expert witness in reality testified that the greater need regarding the valve was for its redesign, and that had the appellee accomplished such a redesign any addition-

al warnings would have been unnecessary. The appellant argues that this, coupled with the jury's finding that there was no defective design or manufacture of the valve, should result in the conclusion that there was no inadequate warning by the appellants. The appellee's expert witness did hypothesize that a radically redesigned valve would have no need for additional warnings; however, this does not extend logically as far as the appellant would have us extend it. The bulk of the witness' testimony, on both direct and cross-examination, established that the appellant negligently failed to place an adequate warning about the nature and operation of the automatic safety release on its valve, and that this inadequate warning did, in fact, render the valve unreasonably dangerous as marketed. The expert witness' testimony does not, as the appellant suggests, go only to the question of the physical design of the valve, nor do we find that cross-examination disrupted his testimony in any way.

The record does not establish any basis for relieving the appellant of liability and shifting that liability to a co-defendant not now part of this appeal. No evidence exists in the record that the appellant ever transmitted a warning, either to the appellee or to Lee Cylinders, in a manner reasonably calculated to reach consumers such as the appellee. *See Rourke v. Garza*, 530 S.W.2d 794 (Tex.1975). We hold that the weight of the evidence supports the jury's finding on the questions of the inadequacy of the warning and of the defective marketing effect of that inadequacy.

The appellant has failed to demonstrate the total lack of evidence necessary to compel the trial court to render a judgment notwithstanding the verdict. Similarly, the appellant has failed to demonstrate that the jury's findings are without sufficient support in the record. We overrule the appellant's first two points of error.

The appellant suggests in its third point of error that because Lee Cylinders was in a better position than the appellant was, to transmit an effective warning regarding the automatic safety release or that because the appellee would have neither read, understood, nor heeded such a warning, the jury's apportionment of responsibility in this cause was contrary to the balance of the evidence and manifestly unjust.

This challenge is essentially an argument that the jury did not accord sufficient weight or credibility to the appellant, and we thus govern our review in accordance with the standards discussed in *Garza*, 395 S.W.2d 821; *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660; *Meredith*, 616 S.W.2d 235; and *Dotson*, 427 S.W.2d 150. Based on those standards, we reject the appellant's contention.

The weight of the evidence based upon the testimony of witnesses from Lee Cylinders and the appellee's own expert witness satisfactorily demonstrates the propriety of the jury's conclusion as to the part Lee Cylinders played in this unfortunate accident. This co-defendant is no longer present, and we refuse to hold in light of the total record that the apportionment was improper as between it and the appellant.

■ Regarding the apportionment between the appellant and the appellee, it is apparent from the record and the arguments of both parties that the appellee was in some respect responsible for the accident that overtook him. Presumably, this responsibility centers on the appellee's having left the propane cylinder, fully charged, inside an automobile on a sunlit day, with the attendant risk arising from the "greenhouse effect" inside automobiles. However, we do not hold on the basis of the balance of this record that, because the appellee testified that he did not read with great care the warning that Lee Cylinders placed on the tank, he therefore would have disregarded any warning placed on the valve and dealing specifically with the hidden hazard that the automatic safety release presented. Given that the jury is properly the exclusive judge of the credibility of the testimony presented, and of the weight to be accorded that testimony, we conclude from this record that the apportionment of responsibility was proper. We overrule the appellant's third point of error.

The appellant's fourth point of error asserts the trial court erred in admitting testimony of other claims against the appellant. In this connection, the appellant presented testimony from the vice-president of Lee Cylinders that it had never received any other complaints about the manufacturer or operation of the appellant's valve. To rebut this evidence, the appellee presented two sources of testimony. First, it offered the testimony of the president of Lee Cylinders, that Lee Cylinders had received complaints in the field about the valve, and that it was common knowledge that claims had been filed against the appellant regarding its valve. The appellee also recalled his expert witness, who testified that part of the basis for his expert opinion that the appellant should have affixed an adequate warning to the valve itself was the fact that there had been complaints from users about the automatic safety release. The trial court admitted this testimony over the appellant's objection, and the appellant now contends that this evidence was improper and prejudicial.

We disagree with the appellant's contention. The general rule in this state is that any evidence is relevant to a proposition if it tends to prove or disprove any material fact about that proposition. *Lone Star Gas Company v. State*, 137 Tex. 279, 153 S.W.2d 681, 699–700 (Tex.1941). This evidence was relevant, as it tended to prove or disprove a material fact in this dispute; namely, whether the appellant had notice of any prior or continuing problems with the valve assembly. The appellee offered this testimony in direct rebuttal of the appellant's evidence for the converse proposition. Where testimony raises a question of fact, the opposing party may offer relevant evidence to rebut that testimony. *Roy v. Sherman*, 299 S.W.2d 329, 333 (Tex.Civ. App.—Dallas 1957, writ ref'd n.r.e.).

The appellant's fourth point of error is overruled, and the judgment of the trial court is affirmed.

EVANS, C.J., and DOYLE, J., also sitting.