Nesloney v. Langham 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-114-CV

     TINA NESLONEY,
                                                                                              Appellant
     v.

     LARRY WAYNE LANGHAM,
                                                                                              Appellee
 

From the 300th District Court
Brazoria County, Texas
Trial Court # 90B1351
                                                                                                    

O P I N I O N
                                                                                                    

      Tina Nesloney appeals from a judgment of divorce awarding her ex-husband, Larry Langham,
sole managing conservatorship of their two children. Her appeal asserts that the evidence is
legally and factually insufficient to support either the jury's finding that Langham should be
appointed sole managing conservator or the court's judgment appointing him such. She also
asserts that the court abused its discretion in appointing Langham because it was not in the
children's best interest. Finally, she argues that the court erred in excluding evidence of
Langham's character and in allowing evidence of her use of marijuana. We will affirm the
judgment.
      Tina Nesloney and Larry Langham married in 1979 and are the parents of Jill, a nine-year-old
girl, and Jake, a two-year-old boy. They separated in June of 1990 and shared custody of the
children by alternating weeks of possession. Nesloney alleged cruel treatment; Langham alleged
adultery. The jury, on a ten to two verdict, awarded sole managing conservatorship to Larry. 
The court entered a judgment accordingly. In her first five points, Tina complains of Larry's
appointment as sole managing conservator as being unsupported, both legally and factually, by the
evidence and as an abuse of discretion.
      In reviewing a legal sufficiency point, the reviewing court must view the evidence in the light
most favorable to the jury's verdict, considering only the evidence and inferences that support the
finding and disregarding all other evidence and inferences. Davis v. San Antonio, 752 S.W.2d
518, 522 (Tex. 1988). In reviewing a factual sufficiency point, we evaluate all the evidence, and
reverse the judgment only if the jury's finding is so against the great weight and preponderance
of the evidence that it is clearly wrong and unjust. See Cain v. Bain, 709 S.W.2d 175, 176 (Tex.
1986). The jury is the sole judge of the credibility of the witnesses and the weight to be given
their testimony. Rego Co. v. Brannon, 682 S.W.2d 677, 680 (Tex. App.—Houston [1st Dist.]
1984, writ ref'd n.r.e.). We may not substitute our opinion for that of the jury merely because
we would have reached a different result. See Pool v. Ford Motor Co., 715 S.W.2d 629, 634
(Tex. 1986).
      Tina and her witnesses testified to facts that would favor a verdict in her favor. Likewise,
Larry and his witnesses testified to facts that would favor a verdict in his favor. The jury was
given the responsibility of resolving a disputed fact issue—which parent should, in the children's
best interest, be appointed managing conservator. 
      Tina and her witnesses testified to Larry's unstable work history during the marriage,
including having to file bankruptcy; his leaving employment with Tina's parents' company over
unauthorized expenses on the company's credit card; and his failure to pay income taxes for
several years. They testified that Larry had spent very little time with the children prior to the
separation and that Tina was their primary caretaker. Tina testified that Larry had been on an
antidepressant for ten years, spent large amounts of money gambling, and had criticized her weight
and appearance after the birth of the youngest child. Tina testified that she began a relationship
with a co-worker after the separation but that she did not see him around the children. She
admitted that, shortly after the separation, she had shared a marijuana cigarette with her sister and
a friend on a weekend that Larry had the children. She testified that it was an isolated event and
had not occurred again since that date. 
      Larry and his witnesses testified that he participated in raising the children, that Tina did not
keep a clean house despite having someone come in to clean, and that Tina did not discipline Jill
well. Larry testified that Tina had been agreeable to joint custody and had written to his attorney
confirming her agreement, but had later changed her mind. He testified to his suspicions that Tina
was involved with a man before the separation, introducing phone records showing numerous calls
from Tina to the man prior to the separation. He testified that he had restructured his business,
allowing him to work from his home so that he could watch the children if he were awarded
managing conservatorship. 
      Debra Lucas conducted a court-ordered social study. She testified that she had some concerns
regarding extramarital relationships prior to a legal divorce, but stated that the children had to her
knowledge never been directly involved in the situation. She also felt that the marijuana incident
was an isolated one. Lucas recommended joint custody between the parents with the children
living with Tina during the school year and with Larry during the summer months. Lucas testified
that if joint conservatorship were not a possibility, Tina should be named managing conservator.
      Dr. Kit Harrison, a licensed psychologist, testified that he had counselled both Jill and Tina. 
He testified that Larry had not participated in counselling, although he had been asked. 
Consequently he was unable to give an opinion on Larry's suitability as a parent. As to Tina,
Harrison testified that she would be a suitable parent "with assistance." He had no concern with
her being managing, possessory, or joint managing conservator. "She's able to fulfill any role in
that area. I think she would need assistance to be a sole managing conservator, and I would like
her to get assistance just dealing with the child, regardless of her actual, formal role with the
child."
      Both parties attempted to show the other side was putting inappropriate pressure on the
children. Tina elicited testimony that Jill had tremendous anxiety because her father was
pressuring her to take sides in the custody battle. Larry sought testimony that Jill was depressed
and upset with her mother's relationship with another man. In short, the testimony of Lucas and
Harrison reveals what is frequently found in divorce and custody situations—children who feel
caught in the middle of their parents' disputes. 
      In determining managing conservatorship, the best interest of the child is always the primary
consideration. Tex. Fam. Code Ann. § 14.07(a) (Vernon Supp. 1992). The trier of fact must
consider the qualifications of the respective parents without regard to the sex of the parent. Id.
§ 14.01(c)(1) (Vernon Supp. 1992). The jury was instructed on the best interest of the children
and on making its determination without regard to the sex of the parents. The jury is the sole
judge of the credibility of the witnesses and the weight to be given their testimony. Rego Co., 682
S.W.2d at 680. We find more than a scintilla of evidence supporting the jury's verdict. Davis,
752 S.W.2d at 522. We do not find that the jury's finding that Larry should be sole managing
conservator of the children is so contrary to the great weight and preponderance of the evidence
that it is clearly wrong or unjust. See Cain, 709 S.W.2d at 176. We overrule points one through
five.
      In point six, Tina complains that the court erred in excluding evidence offered to show Larry's
character. She sought to testify regarding a robbery Larry had allegedly committed as a sixteen-year-old for which he spent forty days in jail. Tina offered the evidence to "show a pattern or a
course of conduct throughout his life of unethical, dishonest type activities." The court determined
the evidence was irrelevant. The court enjoys wide discretion in determining the admissibility of
evidence. Garza v. Cole, 753 S.W.2d 245, 247 (Tex. App.—Houston [14th Dist.] 1988, writ
ref'd n.r.e.); Tex. R. Civ. Evid. 104. We cannot say that the court's refusal to admit evidence
of events that occurred when Larry was sixteen affected a substantial right of a party. See Tex.
R. Civ. Evid. 103(a). We overrule point five. 
      In point six, Tina complains that the court erred in allowing evidence of one prior instance
of her use of marijuana. Tina testified that she shared one marijuana cigarette with her sister and
a friend at the beach shortly after the separation. The children were with Larry on that date and
were not exposed to the marijuana use. No other evidence was admitted showing drug use. 
      Evidence is relevant if it has any tendency to make the existence of any fact that is of
consequence to the determination of the action more or less probable than it would be without the
evidence. Id. 401. Evidence which is not relevant is inadmissible. Id. 402. Some evidence,
although relevant, may be excluded if its probative value is substantially outweighed by the danger
of unfair prejudice. Id. 403. Tina objected that the prejudicial effect of one isolated incidence of
marijuana use outside the presence of the children outweighed any probative value of the
evidence. Id. 
      To reverse a judgment based on the admission of evidence, the complainant must show (1)
that the court erred in admitting the evidence and (2) that the error was reasonably calculated to
cause and probably did cause the rendition of an improper judgment in the case. Tex. R. App. P.
81(b)(1). Both Lucas and Harrison testified that the marijuana incident would not prevent Tina
from being named managing conservator. Although the court may have erred in admitting the
evidence, in light of the testimony of Lucas and Harrison, we do not find that it caused an
improper judgment. We overrule point six.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Justice Cummings and
          Justice Vance 
          (Chief Justice Thomas not participating)
Affirmed
Opinion delivered and filed December 16, 1992
Do not publish